356 F.2d 512
 Edward G. PARTIN, Business Agent, General Truck Drivers, Chauffeurs, Warehousemen & Helpers of America, Local No. 5, etc., et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 21970.
 United States Court of Appeals Fifth Circuit.
 February 10, 1966.
 Rehearing Denied March 21, 1966.
 
 Wiliam C. Bradley, Baker, La., for petitioners.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Co., Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Martin R. Ganzglass, Attys., N.L.R.B., Washington, D. C., for respondent.
 Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.
 PER CURIAM:
 
 
 1
 The petitioner seeks to review and set aside an order of the Board which found that he violated § 8(b) (2) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., acting as agent for the Teamsters Union, Local No. 5, by causing Ryder Truck Lines to discharge Calvin C. Clary because Clary had participated in activity opposing petitioner's handling of union funds and affairs. The Board requests enforcement of its order. Its decision and order are reported at 148 NLRB No. 88.
 
 
 2
 In addition, petitioner Partin has filed a motion for leave to adduce additional evidence because neither petitioner nor his counsel were present when the matter was heard before the Trial Examiner. Petitioner's counsel claims that he was advised by someone not connected with the case that the scheduled hearing had been postponed; therefore, he did not attend. When the docket was called in this Court, counsel for petitioner was not present. This Court delayed hearing the case for a reasonable time after court opened to allow additional time for petitioner's counsel to appear. He had not appeared when court recessed on this day. We deem it unnecessary to make a detailed factual statement with respect to the motion except to say that neither the petitioner nor his counsel appear to regard seriously the matter of responding to dockets or scheduled hearings. In addition to other reasons for denying the motion, the petitioner has not shown that the evidence he seeks to adduce is material or that there were reasonable grounds for his failure to adduce such evidence before the Board. The motion is denied.
 
 
 3
 There was ample evidence on the record as a whole to support the Board's finding and the Board properly denied petitioner's request to reopen the hearing. The petition for review is denied and the Board's order is enforced.