865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAVAGE GATEWAY SUPERMARKET, INC., Petitioner, Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.
 Nos. 87-6235, 87-6375.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 There are two issues in this labor case. The first is whether the National Labor Relations Board ("Board") properly determined that Savage Gateway Supermarket, Inc. violated Secs. 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(1) and (3) ("Act"), when it fired the complaining employee, Barbara Traylor for her refusal to cross a picket line and when its attorney stated at a meeting with employees that they should be fired if they refused to cross a picket line. The second is whether the resulting back pay remedy ordered by the Board was proper since the Board took five years to render its decision. Because we believe that the Board's decision was supported by substantial evidence and because Savage failed to raise the back pay issue before the Board, we affirm.
 
 
 2
 Randall Savage at all times relevant herein, operated two retail grocery stores--Savage Gateway and Savage Sav-Way, located five miles apart in Wurtland, Kentucky and Flatwoods, Kentucky respectively. Employees at the Wurtland store were not represented by a union. Production employees at the Flatwoods store, however, were so represented. After failing to reach a collective bargaining agreement, production employees at the Flatwoods store went on strike. Striking employees set up a picket line at the Wurtland store.
 
 
 3
 Upon hearing that the picket line would be set up at the Wurtland store, Savage held a meeting with employees of the Wurtland store. At the meeting, Savage's attorney stated that he would recommend that all employees who did not cross the picket line be terminated.
 
 
 4
 Barbara Traylor, a deli manager at the Wurtland store, refused to cross the picket line. She failed to notify Savage that she would be absent from work. Savage terminated Traylor citing an employee work rule, the call-in rule, which provided that any employee absent two successive days without notice would be terminated.
 
 
 5
 Traylor subsequently filed a charge and on joint motion, the cause was heard by the Board without a prior hearing by an administrative law judge. The Board found that the Wurtland and Flatwoods stores were a single or joint enterprise, and that the picket line was primary and lawful. The Board further found that Traylor was terminated for her refusal to cross the picket line. Accordingly, the Board held that Savage violated the Act by terminating Traylor for her refusal to cross the picket line and by threatening to terminate any employees who honored the picket line. The Board, inter alia, awarded Traylor back pay.
 
 
 6
 On appeal, the employer challenges the Board's findings. The Board's findings must be sustained, however, if, viewing the record as a whole, they are supported by substantial evidence. Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951); NLRB v. Buckhorn Hazard Coal Corp., 472 F.2d 53, 55 (6th Cir.1973).
 
 
 7
 The employer first challenges the Board's finding that the Wurtland and Flatwoods stores were a single employer, relying on an earlier determination that the employees of the Wurtland and Flatwoods stores should not be represented by the same bargaining unit. The employer's reliance is misplaced, however, since a finding that the employees comprise separate bargaining units does not preclude and is indeed based on different considerations than a finding that two nominally different employers are in essence a single employer. See South Prairie Construction Co. v. Operating Engineers Local 627, 425 U.S. 800, 805 (1976). In this case, the Board properly construed evidence of family ownership, interlocking boards of directors, joint maintenance of personnel records, joint issuance of payroll checks, and the interchange of employees as substantial evidence of a single or joint enterprise.
 
 
 8
 The employer next challenges the Board's finding that Traylor was terminated because she refused to cross the picket line. The employer contends that Traylor was terminated only for her failure to comply with the call-in rule and that the call-in rule was not a restraint on a protected activity. As supporting its contention, the employer relies on assertions that its rule was longstanding, that Traylor failed to comply with it and that others who refused to cross the picket line but complied with the rule by calling in were not terminated. Moreover, the employer distinguishes its rule from the "prior permission" rules found unlawfully restrictive by the U.S. Supreme Court in NLRB v. Washington Aluminum, 370 U.S. 9 (1962).
 
 
 9
 The Board's determination, however, is supported by ample evidence. Given the threat of termination earlier made to employees by Savage's attorney the Board reasonably concluded that Traylor felt she would be terminated if the store knew she honored the picket line and was therefore intimidated by the thought of calling to announce her intention and thus while not rising to the level of a prior permission rule, the call-in rule was restrictive nonetheless. Moreover, the employer failed to show a compelling business justification for applying the rule to Traylor.
 
 
 10
 Next Savage challenges the Board's finding that it violated the Act by its attorney's threat of discharge. He argues that he accommodated all employees who honored the picket line, that the statement did not induce any employees to refrain from protected activity and that the attorney had no authority to terminate the employees. The test of restraint or coercion, however, is whether the conduct tends to interfere with the free exercise of employee rights. NLRB v. Okun Bros. Shoe Store, Inc., 825 F.2d 102, 107 (6th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1109 (1988). There is no question that the attorney's statement has such a tendency.
 
 
 11
 Finally, the employer challenges the Board's award of back pay to Traylor. He argues that the award is unconscionable since the Board, having before it a short record and stipulated facts, took over five years to render its decision. The employer did not raise this issue before the Board, however. We, therefore, lack jurisdiction to consider this question under section 10(e) of the Act, 29 U.S.C. Sec. 160(e) and Southern Moldings, Inc. v. NLRB, 728 F.2d 805 (6th Cir.1984).
 
 
 12
 For the foregoing reasons, the order of the Board is enforced.
 
 
 
 *
 The Honorable Nicholas J. Walinski, United States District Judge for the Northern District of Ohio, sitting by designation