**WINN–DIXIE STORES, INC., Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 26423.

United States Court of Appeals
Fifth Circuit.

July 18, 1969.

---

David A. Bartholf, Jacksonville, Fla., for petitioner, Winn-Dixie.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Herbert Fishgold, Atty., N. L. R. B., Washington, D. C., Harold A. Boire, Director, N. L. R. B., 12th Region, Tampa, Fla., for respondent N. L. R. B.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

PER CURIAM:

This appeal deals with the validity of a back pay order affecting six company employees whose discharges this court has previously held constituted an unfair labor practice. Of the twelve employees laid off on April 12, 1963, the company was unable to replace six of them. See N. L. R. B. v. Winn-Dixie Stores, Inc. (5 Cir. 1966) 361 F.2d 512, cert. denied 385 U.S. 935, 87 S.Ct. 295, 17 L.Ed.2d 215. The Board then instituted the present proceedings to determine the back pay due the six employees who were illegally laid off.

In this appeal the company makes an attack upon the allowance made as to each of the six persons involved.

■ The first, and principal attack, is on the amounts allowed, the attack generally being based upon the contention by the company that the several employees did not do their best to minimize the damages by placing themselves regularly in the labor market and seeking the highest employment available to them. After computing the gross back pay, the trial examiner deducted certain amounts. These amounts reflected the actual wages earned in each quarter or the wages which would have been earned had the employee accepted an available job, as was her duty. These figures were then totalled and the amount, plus interest, was what the company was held to owe to each employee. It must be borne in mind that the burden of proving these deductions was on the employer. N. L. R. B. v. Mooney Aircraft, Inc. (5 Cir. 1966) 366 F.2d 809, 813 nn. 3 and 4.

We have carefully examined the record with respect to the specific contentions dealing with each of the six employees, and conclude that the findings by the Board are supported by substantial evidence on the record as a whole. This court will not conduct a trial de novo with respect to these items. Determinations of credibility, some of which had to be made here, and determinations of whether the conduct of the individual employees fully discharged their duty to earn the maximum during the period involved, are primarily questions for the fact-finder. We conclude that as to each award the final findings of the Board must be affirmed.

■ The Company again claims that it was entitled to deduct from gross back pay the unemployment compensation ben-

efits the claimants received. This issue has been ruled against an employer similarly situated in N. L. R. B. v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337, 95 L. Ed. 337 (1951). We do not have the authority to reopen this question.

We do not feel that the Board's decision upholding the denial by the trial examiner of the company's request to take depositions of the employees four years after the illegal layoff and just three weeks before the hearing, was erroneous.

Finally, the company complains of the fact that interest was computed to run from April 12, 1963, instead of the time of the entry by the Board order of June 26, 1964, which spelled out the back pay liability. The answer to this is that this court has heretofore enforced the Board order requiring the company *to make the employees whole*. That order contained no provision for tolling interest until June 26, 1964. Therefore, collateral estoppel would bar this claim were it valid otherwise. Moreover, we think that the only way the employees could be made whole for their loss of earnings was for them to draw interest on the amounts to which they became entitled from the date of their illegal discharge, which was April 12, 1963.

The Order of the Board will be enforced.