ASSOCIATION AGAINST DISCRIMINA-
TION IN EMPLOYMENT, INC.,
et al., Plaintiffs,

v.

CITY OF BRIDGEPORT, et
al., Defendants.

Civ. No. B–75–268.

United States District Court,
D. Connecticut.

Sept. 21, 1983.

Addendum to Ruling Oct. 3, 1983.

David N. Rosen, Rosen & Dolan, New Haven, Conn., Michael P. Koskoff, Koskoff, Koskoff & Bieder, P.C., Bridgeport, Conn., for plaintiffs.

Thomas K. Jackson, Deputy City Atty., Bridgeport, Conn., for City of Bridgeport.

J. Daniel Sagarin, Hurwitz & Sagarin, P.C., Milford, Conn., for intervening defendant BFME Inc.

## RULING ON MOTION TO DETERMINE INTEREST RATES ON BACKPAY AWARDS

DALY, Chief Judge.

The issue before the Court is what rate of interest will be applied to the plaintiffs' back pay award to "make whole" these victims of the defendants' unlawful discriminatory practices. The plaintiffs urge that the Court follow *E.E.O.C. v. Pacific Press Publishing Ass'n,* 482 F.Supp. 1291 (N.D.Cal.1979), and *Richardson v. Restaurant Marketing Assoc., Inc.,* 527 F.Supp. 690 (N.D.Cal.1981), and apply the rate set pursuant to § 6621 of the Internal Revenue Code for interest charged and paid by the Internal Revenue Service for underpayment and overpayment of taxes. The defendants object to these rates and assert that the weight of authority supports their argument that the Court should apply the 6% to 8% interest rates found in Connecticut General Statutes § 37–1.

The Court in *Pacific Press* applied the sliding scale interest rate of § 6621(c) of the Internal Revenue Code which is directly tied to the private money markets and is subject to adjustment at two year intervals. 482 F.Supp. at 1320. The bases for the court employing these rates were to encourage timely compliance with orders, to dis-

courage unlawful discriminatory practices, and to more fully compensate the victims of discrimination for their economic losses. *Id.* The *Pacific Press* Court felt that prejudgment interest on the back pay award at "an unvarying interest rate of six or seven percent in times of accelerated inflation may not have any effect in determining discrimination or ensuring prompt implementation of restitutionary orders." *Id.* 482 F.Supp. at 1319. Moreover, applying such a rate provides as best as is possible for the "make whole" relief to which plaintiffs are entitled. *See Richardson, supra,* 527 F.Supp. at 696–98. The *Richardson* Court agreed in principle with the *Pacific Press* Court, but provided that the rates employed in § 6621 be calculated annually to more accurately reflect economic conditions. 527 F.Supp. at 698.

While the defendants argue that the weight of authority in this area is against *Pacific Press* and *Richardson,* the Court does not agree. In many recent decisions beyond *Pacific Press* and *Richardson,* courts that have dealt with the problem of prejudgment interest in the context of the "make whole" purpose of Title VII have applied the § 6621 rates of interest to back pay awards. *See e.g. Davis v. Construction Materials, A Div. of Ancar Enter.,* 558 F.Supp. 697, 699–700 (N.D.Ala.1983); *E.E.O.C. v. St. Joseph Paper Co.,* 557 F.Supp. 435, 442 (N.D.Tenn.1983); *Fadhl v. Police Dept. of San Francisco,* 553 F.Supp. 38, 45 (N.D.Cal.1982); *E.E.O.C. v. Stone Container Corp.,* 548 F.Supp. 1098, 1108 (W.D.Mo. 1982); *Lilly v. Harris-Teeter Supermarket,* 545 F.Supp. 686, 715 (W.D.N.C.1982); *E.E.O.C. v. Wooster Brush Co.,* 523 F.Supp. 1256, 1268 (N.D.Ohio 1981); *Chisholm v. United States Postal Service,* 516 F.Supp. 810, 881 (W.D.N.C.1980).

The Court is aware that the court in *Carter v. Shop Rite Foods, Inc.,* 503 F.Supp. 680 (N.D.Tex.1980), did not purport to employ the § 6621 rates of interest against the back pay award. This Court notes, however, that the *Carter* Court did approve an interest rate that included above the "true" interest rate an inflation component of 2.18%–4.18%. *Id.* at 688. Moreover, the

decisions in *Smith v. Flesh Co., Inc.,* 512 F.Supp. 46 (E.D.Mo.1981), and *E.E.O.C. v. Sage Realty Corp.,* 507 F.Supp. 599 (S.D.N.Y.1981), cited by the defendants, do show each court awarding prejudgment interest at the rate of 8% but doing so without indicating in any way how each court arrived at that figure. Furthermore, in *Patterson v. Youngstown Sheet and Tube Co.,* also cited by the defendants, the court in 1979 awarded interest on the back pay award at 8% specifically because of the rampant inflation in the United States since the suit had been instituted. 475 F.Supp. 344, 355 (N.D.Ind.1979).

To the extent that this Court must choose between the defendants interpretation of *Carter* and the decisions in *Pacific Press, supra, Richardson, supra, Davis, supra,* and the similarly holding cases noted above, the Court adopts the latter position. Prejudgment interest at the § 6621 rates is more consonant with the "make whole" purpose of Title VII. In deciding this issue, the Court does not overlook the guidance that the courts have taken from the NLRB 2372, 45 L.Ed.2d 280 in Title VII cases, *see Albemarle Paper Co. v. Moody,* 422 U.S. 405, 419, 95 S.Ct. 2362 (1975); *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 774 n. 34, 96 S.Ct. 1251, 1269 n. 34, 47 L.Ed.2d 444 (1976), and the NLRB's action to adopt the § 6621 interest rates on back pay awards. *See Davis, supra,* 558 F.Supp. at 699.

The Court therefore orders that the defendants pay prejudgment interest on the backpay award at the § 6621 Internal Revenue Code rates. However, the Court agrees with the *Richardson* Court that the rate formula employed in the computation of the § 6621 rates should be applied annually rather than biannually to better reflect the economic conditions during those years. The Court finds the schedule of rates that the plaintiffs submitted in this regard shall be the rate schedule applied to the back pay award for the applicable periods.

It is SO ORDERED.

## ADDENDUM TO RULING

The interest rates adopted by this Court in its September 21, 1983 ruling on this

matter, computed annually under the formula employed in § 6621 of the Internal Revenue Code, for the six months ending September, 1982 and for September of seven previous years, are as follows:

| YEAR | DETERMINED RATE |
| --- | --- |
| 1975 | 7.88 percent |
| 1976 | 7.00 percent |
| 1977 | 7.13 percent |
| 1978 | 9.41 percent |
| 1979 | 12.90 percent |
| 1980 | 12.23 percent |
| 1981 | 20.08 percent |
| 1982 | 15.61 percent |

This information, submitted by the plaintiffs, was compiled by James McAfee, Associate Secretary of the Board of Governors of the Federal Reserve System.