**Carl F. BERNDT, Plaintiff,**

v.

**KAISER ALUMINUM & CHEMICAL SALES, INC., Defendant.**

**Civ. A. No. 82–3931.**

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1985.

---

Thomas Preston, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Andrea P. Wapner, and Ronald H. Surkin, Blank, Rome, Comiskey & McCauley, Philadelphia, Pa., for defendant.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

Pending before this court is the motion of defendant Kaiser Aluminum & Chemical Sales, Inc. for judgment notwithstanding the verdict or, in the alternative, for a new trial. Plaintiff Carl F. Berndt brought this action against defendant Kaiser for discharge in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Immediately prior to trial, the parties stipulated to the dollar values of certain items of damages claimed by plaintiff and agreed that if the jury verdict on liability were in favor of plaintiff, damages would be awarded by the court upon determination of certain disputed issues of law. On December 17, 1984, the jury returned a verdict, finding that age was a determinative factor in defendant's termination of plaintiff and that the termination was "willful." This court subsequently determined that the issue of willfulness had been improperly submitted to the jury and thus did not award liquidated damages. On February 22, 1985, 604 F.Supp. 962, the court entered its final judgment for actual damages in the amount of $139,881.95.

The court held oral argument on the instant motion on July 2, 1985. At that time, the court stated in part its reasons for denying defendant's motion. This Memorandum further articulates the court's conclusions. The court has considered all arguments raised by defendant and determines that only two issues merit further discussion. All other arguments have either been adequately discussed or are found to be without merit.

Defendant argues that judgment notwithstanding the verdict should be entered in its favor because plaintiff did not present sufficient evidence of intentional age discrimination for the case to be submitted to the jury. In the alternative, defendant contends that it is entitled to a new trial because the verdict was contrary to the weight of the evidence. Defendant claims that plaintiff did not prove by a preponderance of the evidence that he was qualified for retention as one of Kaiser's four remaining salesmen following its decision to reduce the Eastern Region sales force from six to four salesmen. It contends that all indicia of performance showed that Berndt was consistently rated the lowest performing employee and that his discharge was based on his poor performance rather than his age.

However, defendant's motion overlooks evidence, if believed, that from the time Michael Venie took over as regional sales manager for the Eastern Region at Kaiser, he treated plaintiff differently than he had been treated by Art Wilson, the former Regional Manager, and that Mr. Venie behaved more harshly with plaintiff than he did with the other salesmen. Although Mr. Venie claims that his difficulties with plaintiff stemmed from differences in style, plaintiff contended that Mr. Venie's problems with him were because of his age and that Mr. Venie referred to plaintiff as "old fashioned."

Furthermore, evidence was presented by plaintiff that Kaiser had not followed its policy of attempting to place terminated, salaried employees in other employment or to rehire when possible; plaintiff was not rehired when a sales position was filled. Mr. Venie admitted at trial that he recommended that this policy not be applied to plaintiff. Defendant has attempted to argue that this was because of plaintiff's lack of qualification. However, the evidence at trial established at most that plaintiff was least qualified at the time of required reduction in force. Defendant admitted at trial that plaintiff was never rated an unqualified employee and that he was terminated only because of economic necessity. The question of whether Kaiser discriminated against plaintiff is close but the court cannot conclude that a jury could not rationally find that age was a determining factor in plaintiff's termination or that the verdict was so clearly against the weight of the evidence to warrant the grant of a new trial.

█ A second argument proffered by defendant that merits consideration is that the court erroneously failed to deduct sums received by plaintiff from unemployment compensation in determining the amount upon which prejudgment interest would be calculated. Defendant contends that the court's failure to deduct these sums in computing its award of prejudgment interest has the effect of making plaintiff more than "whole," a result contrary to the re-medial policy of the ADEA. Defendant cites *Thomas v. Jack Marshall Foods*, 37 FEP Cases 1607 (N.D.Ala.1983), holding that an unlawfully discharged employee who obtained unemployment compensation benefits may recover interest only as to the amount by which the back-pay award exceeded unemployment benefits.

Although the Court of Appeals for the Third Circuit has not ruled on this issue, it has held that unemployment benefits may not be deducted from back-pay awards in Title VII cases, *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77 (3d Cir.1983), and ADEA cases, *McDowell v. Avtex Fibers, Inc.*, 740 F.2d 214 (3d Cir.1984). The Court in *Craig* stated:

> The rationale for a rule that at first glance may appear to provide an inequitable double recovery is that a wrongdoer should not get the benefit of payments that come to the plaintiff from a source collateral to the defendant. There is no reason why the benefit should be shifted to the defendant, thereby depriving the plaintiff of the advantage it confers.

721 F.2d at 83. This reasoning applies also to the award of prejudgment interest.

Determination of prejudgment interest is within the court's discretion. *See Kelly v. American Standard, Inc.*, 640 F.2d 974, 982–83 (9th Cir.1981); *Syvcock v. Milwaukee Boiler Manufacturing Co.*, 665 F.2d 149, 162 (7th Cir.1981). To the extent the sum in which it is awarded is also discretionary, the court determines that unemployment compensation benefits are not in this instance deductible for purposes of calculating prejudgment interest.