1370

UNITED STATES of America, Plaintiff,

v.

The CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.

San Francisco Firefighters Local 798, et al., Defendants, In Intervention.

Fontaine DAVIS, et al., Plaintiffs, In Intervention.

v.

CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.

San Francisco Firefighters Local 798, et al., Defendants, In Intervention.

Civ. Nos. C-84-7089 MHP, C-84-1100 MHP.

United States District Court, N.D. California.

Sept. 25, 1990.

See also, —— F.Supp. ——.

Eva Jefferson Paterson, San Francisco Lawyers' Committee for Urban Affairs, Shauna I. Marshall, Equal Rights Advocates, William C. McNeill, III, Employment Law Center, Denise M. Hulett, Mexican–American Legal Defense & Educational Fund, San Francisco, Cal., Dennis W. Hayashi, Asian Law Caucus, Oakland, Cal., Mary C. Dunlap, Law Offices of Mary C. Dunlap, San Francisco, Cal., Russell Galloway, Berkeley, Cal., for plaintiffs in Intervention.

Robert T. Moore, Richard S. Ugelow, U.S. Dept. of Justice, Civ. Rights Div., Employment Litigation Section, Washington, D.C., Joann Swanson, Dept. of Justice, San Francisco, Cal., for Dept. of Justice.

Duane W. Reno, Cindy O'Hara–Varela, Davis, Reno & Courtney, San Francisco, Cal., for Firefighters Union, Local No. 798.

Louise K. Renne, City Atty., George Riley, Deputy City Atty., Judy Lynch, Deputy City Atty., San Francisco, Cal., for City & County of San Francisco.

## OPINION

PATEL, District Judge.

These consolidated actions alleging constitutional and statutory violations arising from racial discrimination and harassment in employment practices were settled pursuant to a Consent Decree filed May 20, 1988. The matter is now before the court on plaintiff-intervenors' motion to establish the appropriate interest rate on certain backpay awarded pursuant to the consent decree and on defendant's motion to strike the declaration of William McNeill.

Having considered the papers submitted and the arguments of the parties, for the following reasons, the court grants plaintiff-intervenors' motion and grants, in part, defendant's motion to strike.

## BACKGROUND

These consolidated employment discrimination actions were brought by the United States and various individuals and organizations ("plaintiff-intervenors") against the City and County of San Francisco ("the City") in 1984 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 6701 et seq. (repealed 1986). As consolidated, the claims in these actions focused on the City's use of invalid hiring and promotional procedures that had an adverse impact on women and minorities. Certain claims also alleged racial harassment of minority firefighters. All claims were settled as between the City and the plaintiff and plaintiff-intervenors pursuant to a consent decree filed May 20, 1988. *United States v. City and County of San Francisco*, 696 F.Supp. 1287, 1312 (N.D.Cal.1988), *aff'd as modified by Davis v. City and County of San Francisco*, 890 F.2d 1438 (9th Cir. 1989), *petition for cert. filed*, No. 90–248 (1990) (*"Davis III"*).

Paragraph 11.(a) of the Consent Decree provides for backpay plus interest for six Black lieutenants as follows:

> The Fire Department shall immediately appoint Robert Demmons, Audry Lee, Jimmie Braden, Worthy Brooks, Tyrone Rockett, and Bernie Wangara to the position of permanent fire lieutenant with a retroactive date of appointment of March 9, 1979, and award them backpay from that date, taking into account the applicable base rates of pay for fire lieutenant and their actual regular earnings (not including overtime) plus interest since that date.

*Davis III*, 696 F.Supp. at 1314.

The City and plaintiff-intervenors agree on the specific amount of backpay due to each of the six individuals. Their dispute is confined to the method to be used to compute the interest on that backpay.[1]

## DISCUSSION

Plaintiff-intervenors propose adoption of the method employed by this court in *Richardson v. Restaurant Marketing Associates*, 527 F.Supp. 690 (N.D.Cal.1981). In *Richardson*, this court held that, in order to accurately reflect ongoing economic changes, interest on backpay in Title VII cases "shall be calculated from the end of each calendar quarter, on the amount then due and owing, at 90% of the average prime rate [as obtained from the Federal Reserve Bank] for the year in which the calendar quarter occurs." *Richardson*, 527 F.Supp. at 698. In the intervening years, this court and courts elsewhere have followed *Richardson*. *See, e.g., Priest v. Rotary*, 634 F.Supp. 571, 585 (N.D.Cal. 1986); *Fadhl v. Police Dept. of City and County of San Francisco*, 553 F.Supp. 38, 45 (N.D.Cal.1982), *rev'd on other grounds*,

---

1. The parties also present the court with an evidentiary dispute. The City moves to strike the declaration of attorney William McNeill and its Exhibit A. The City asserts that the declaration lacks probative value because it mischaracterizes the City's position and portrays the City as engaging in delay and reneging. Moreover, the City argues that the exhibit, a letter from the City's counsel to Mr. McNeill clearly marked "protected pursuant to F.R.E. 408," is inadmissible as an offer of compromise. The court finds no permissible purpose for the offer of the exhibit, despite Mr. McNeill's protestations to the contrary. Accordingly, Exhibit A is stricken. The court denies the motion to strike Mr. McNeill's declaration, but to the extent that it departs from a factual recitation, it is deemed argument and weighted accordingly.

741 F.2d 1163 (9th Cir.1984), *judgment aff'd*, 859 F.2d 649 (9th Cir.1988); *Association Against Discrimination in Employment v. City of Bridgeport*, 572 F.Supp. 494, 495 (D.Conn.1983).

Against this decisional backdrop, the City urges adoption of either of two alternative measures. First, the City contends that interest should only be applied to that portion of backpay which one of the lieutenants could have invested in the marketplace, that is, interest should be applied only on the after-tax amount. The City suggests that a suitable backpay award for a particular year is determined by first deducting federal income taxes from the gross backpay owed, then applying the *Richardson* rate to the after-tax figure, and finally adding the result to the gross backpay award. To do otherwise, the City maintains, is to afford the lieutenants a windfall, since they would not have had the full untaxed sum for investment purposes had it been paid in the first instance.

The City provides no authority for its novel position, citing only cases standing for such general propositions as that interest on backpay is "an element of complete compensation," *Loeffler v. Frank*, 486 U.S. 549, 558, 108 S.Ct. 1965, 1971, 100 L.Ed.2d 549 (quoting *West Virginia v. United States*, 479 U.S. 305, 310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639 (1987)) and that backpay is not punitive in nature, *Robinson v. Lorilland Corp.*, 444 F.2d 791, 802 (4th Cir.1971) *cert. dismissed*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971) and 404 U.S. 1007, 92 S.Ct. 651, 30 L.Ed.2d 655 (1972). The City also submits the declaration of its expert, John Draper, who holds a Ph.D. in psychology, and who opines that, based on in his professional experience, the purposes of Title VII backpay awards

would be best served by limiting interest to after-tax amounts. Draper Dec. at 2.[2]

Although the precise issue of the propriety of deducting federal taxes from backpay figures before calculating interest payments is a matter of first impression in this circuit, the Fifth Circuit has reached a directly related issue. In *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565 (5th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990), the court first noted that Title VII backpay awards are not exempt from subsequent taxation. *Id.* at 1580. Accordingly, the court ruled that:

> [the district] court need not account for federal income tax liability when it fixes back pay awards. *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614, 627 (6th Cir.1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984); *Curl v. Reavis*, 608 F.Supp. 1265, 1269 (W.D.N.C.1985). The award is not tax-exempt; the plaintiff must pay the taxes due on the wages for the year in which the wages were due. We decline to require district courts to act as tax consultants every time they grant back pay awards, speculating as to what deductions and shelters the plaintiff will find, and then calculating the plaintiff's potential tax liability. *See Curl*, 608 F.Supp. at 1269.

*Id.*

The court finds *Johnston*, and the cases cited therein, persuasive. To employ the City's method would involve the court in the very calculations the Fifth Circuit counseled against.[3]

■ Furthermore, the City's examples of courts that apply interest rates much lower than ninety percent of the average prime

---

**2.** In presenting his opinion on the purpose of backpay awards and whether various interest accrual methods satisfy that purpose, Mr. Draper invades an area reserved to the courts. There is no question of the purpose of backpay awards in Title VII cases; it is set forth in numerous decisions. Mr. Draper's offer of assistance in divining that purpose is thus of little help. Moreover, while he may have substantial experience as a consultant in employment discrimination cases, there is little in his curric-

ulum vitae that demonstrates a proficiency in calculation of backpay awards in such cases.

**3.** Although the City has generously afforded the computations, the court declines its proffer. To accept that proffer, the court would still have to review and accept the assumptions contained in the computations or resolve disputes about taxable income. This is precisely what *Johnston* says a court should not do in the case of a backpay award under Title VII.

rate are unpersuasive. Only one, *Inda v. United Air Lines, Inc.*, 405 F.Supp. 426, 435 (N.D.Cal.1975), *aff'd in part, vacated in part on other grounds,* 565 F.2d 554 (9th Cir.1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978), is from this circuit, and it was written fifteen years ago, prior to *Richardson* and during a markedly different economic climate. The other cited cases have adopted rates with which this court disagrees and to which it is not bound. *Reeder–Baker v. Lincoln National Corp.*, 649 F.Supp. 647, 662 (N.D.Ind.1986), *judgment aff'd* 834 F.2d 1373 (7th Cir.1987) (5.77% interest); *Hunter v. Westinghouse Electric Corp.,* 576 F.Supp. 704, 728, n. 21 (S.D.Ohio 1983) (8% interest).

Alternatively, the City offers a second approach. If interest is applied on the full amount of backpay for each year, the City maintains that only simple interest rates should be applied. In the City's view, the use of simple interest is beneficial because it removes uncertainty concerning compounding periods and tax computations. The City proffers examples of several district courts, as well as the California state courts, who apply simple interest rates. However, not only is this position at odds with the cases in this district, it is also contrary to the City's own above-cited cases. *Reeder–Baker,* 649 F.Supp. at 662, n. 25 (compound interest); *Hunter,* 576 F.Supp. at 728, n. 21 (compound interest).

Title VII plaintiffs deserve fully compensatory awards without undue examination into the wide-ranging niceties of economic theories. The backpay awards of each of the six lieutenants shall include interest accruing since March 1979, computed at the rate set forth in *Richardson.*

CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff-intervenors' motion for award of an appropriate computation of interest on backpay under paragraph 11(a) of the Consent Decree. Interest shall be calculated beginning on March 9, 1979, from the end of each calendar quarter, on the amount then due and owing, at 90% of the average prime rate as obtained from the Federal Reserve Bank for the year in which the calendar quarter occurs.

Since the parties have agreed on all predicate issues, they shall submit a joint statement setting forth the total amounts of each backpay award within fourteen days of entry of the court's order.

The court also GRANTS, in part, and DENIES, in part, defendant's motion to strike. Attachment A to the Declaration of William McNeill is hereby ordered STRICKEN.

IT IS SO ORDERED.