**Theodore M. FRAZIER, Jr.**

v.

**SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION
AUTHORITY.**

Civ. A. No. 84–2950.

United States District Court,
E.D. Pennsylvania.

Feb. 12, 1993.

On October 12, 1982, Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") discharged Plaintiff Theodore M. Frazier, Jr. ("Frazier"). Following the discharge, Plaintiff instituted two suits against SEPTA. Plaintiff brought one suit in his individual capacity claiming injury caused by Defendant's violation of Title VII. The second suit was a class action with Plaintiff representing the class, alleging violations of §§ 1981, 1983 and Title VII. The cases were consolidated for purposes of discovery and trial. Prior to trial, Plaintiff dismissed the § 1981 claims.

At trial, the § 1983 claims were bifurcated on the issues of liability and damages. On August 1, 1990, a jury verdict was entered in favor of SEPTA on the § 1983 claims. With respect to the Title VII claims, the court found no class-wide entitlement to relief under Title VII. However the court found for Plaintiff on his individual Title VII claim.

After a six day trial in February, 1992, the court awarded back pay to the Plaintiff from the date of discharge, October 12, 1982, through August 3, 1983, the date an offer of reinstatement was made. Plaintiff received an award of $11,170.84. The court also awarded Plaintiff prejudgment interest at the legal rate from August 1, 1983 to April 22, 1992 and ordered each party to submit calculations of the interest due.

■ Plaintiff now seeks to have the prejudgment interest calculated based on the rate established pursuant to 26 U.S.C. § 6621. Plaintiff also requests that the interest be compounded quarterly. Defendant, based on an affidavit of a Forensic Economist, proposes that the proper rate of interest is the Treasury Bill rate compounded annually and that quarterly compounding is improper because it does not reflect realistic investment opportunities and would penalize Defendant contrary to the purposes of a Title VII back pay award. The court has now considered the parties' proposed calculations and is prepared to render its decision on this issue.

For the following reasons, the court finds that the appropriate rate for prejudgment interest on the award of back pay in this

Michael Churchill, Philadelphia, PA, Lisa Rau, Collin Merrick by Gregory Holston, Michael L. Brown, Rosemarie Rhodes, Harper and Paul, Philadelphia, PA, for plaintiffs.

Theodore M. Frazier Jr. et al., pro se.

James F. Kilcur, by Saul H. Krenzel, John M. Myers, Monteverde Hemphill Maschmeyer & Obert, Philadelphia, PA, for Southeastern Pennsylvania Transp. Authority.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the court is the application of Plaintiff's attorneys, Theodore Q. Thompson, Rosemarie Rhodes, and Lanier E. Williams, for prejudgment interest on Plaintiff's back pay awarded under Section 706(g) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(g).

Title VII case is the fluctuating rate pursuant to 26 U.S.C. § 6621, the statute that sets the interest charged or paid by the IRS on underpayment or overpayment of taxes. The interest shall be compounded annually from August 3, 1983 to April 22, 1992.

■ The award of back pay authorized by Title VII, § 706, as amended, 42 U.S.C. § 2000e–5(g) is intended to make-whole persons who suffered injury through past discrimination and to end employment discrimination. *Loeffler v. Frank*, 486 U.S. 549, 558, 108 S.Ct. 1965, 1971, 100 L.Ed.2d 549 (1988) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975)); *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 84 (3d Cir.1983). Prejudgment interest on such an award is "an element of complete compensation." *Loeffler*, 486 U.S. at 558, 108 S.Ct. at 1971 (quoting *West Virginia v. United States*, 479 U.S. 305, 310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639 (1987)).

The Supreme Court in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975), noted that Congress expressly modeled Title VII's back pay provision after the National Labor Relations Act ("NLRA"). Relying on the National Labor Relations Board's ("NLRB") practice of awarding back pay, the Court held that back pay should normally be awarded under Title VII absent unusual circumstances. Similarly, in holding that unemployment compensation should not be deducted from a Title VII back pay award, the United States Court of Appeals for the Third Circuit employed a rationale analogous to the *Albemarle* Court. *See Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83–85 (3d Cir.1983) (NLRB's practice of not deducting unemployment compensation from back pay awards "counsels a similar construction of Title VII").

Accordingly, we now turn to the treatment of prejudgment interest on back pay awards under the NLRA. Interest on back pay awards has consistently been awarded under the NLRA. *E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir.1987) (citing *Winn–Dixie Stores, Inc. v. NLRB*, 413 F.2d 1008, 1010 (5th Cir.1969)). In 1977, the NLRB rejected a flat six percent interest

rate and adopted the adjusted prime rate established by the IRS in accordance with 26 U.S.C. § 6621 to better reflect economic reality. *Florida Steel Corp.*, 231 NLRB No. 117, 96 L.R.R.M. 1070, *enforcement denied on other grounds, sub nom. NLRB v. Florida Steel Corp.*, 586 F.2d 436, 451 (5th Cir.1978). Other district courts in this circuit also have applied the prevailing IRS rate set forth in § 6621 of the Internal Revenue Code. See *Gallo v. John Powell Chevrolet, Inc.*, 779 F.Supp. 804, 817 (M.D.Pa.1991) (IRS rates used in prejudgment back pay awarded under 42 U.S.C. § 2000e–5(g)); *E.E.O.C. v. Reads, Inc.*, 759 F.Supp. 1150, 1162 n. 20 (E.D.Pa.1991) (prejudgment interest on back pay in Title VII case awarded using IRS rate under 26 U.S.C. § 6621 and compounded quarterly); *Green v. United States Steel Corp.*, 640 F.Supp. 1521, 1549 (E.D.Pa.1986), *vacated in part on other grounds*, 843 F.2d 1511 (3d Cir.1988), *cert. denied*, 498 U.S. 814, 111 S.Ct. 53, 112 L.Ed.2d 29 (1990) (interest on prejudgment back pay award in Title VII case calculated pursuant to 26 U.S.C. § 6621 and compounded quarterly). We find this to be the correct approach.

Defendant cites cases that utilize the Treasury Bill rate, as determined by the Secretary of the Treasury, to compute the proper interest rate. However, these cases from other jurisdictions involving unrelated statutes are inapposite in light of this court's decision to remain consistent with the NLRA and apply the IRS adjusted prime rate. Both the decision to award prejudgment interest and the extent of the sum awarded are discretionary within the trial court. *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.*, 629 F.Supp. 768, 770 (E.D.Pa.1985). While Defendant contests Plaintiff's method for calculating the proper interest rate, it does not dispute the actual percentages submitted by Plaintiff. Because this court is adopting Plaintiff's method, we shall also utilize the values he provided for the years 1983–1992.

Defendant's argument that Plaintiff has unreasonably prolonged the disposition of this case through dilatory conduct and counsel changes are also uncompelling. As this court has previously stated, Defendant is not prejudiced by the allowance of prejudgment

interest. While Plaintiff did not vigorously prosecute this case and some actions taken by his previous counsel may have delayed the disposition of this matter, this conduct did not rise to the level of prejudicing Defendant, who had the use of the funds for the last nine years.

Thus, this court will calculate the award of prejudgment interest based on the statutory rate set forth in 26 U.S.C. § 6621 that prevailed between August 3, 1983 and April 22, 1992 compounded annually as follows.

## CALCULATION OF INTEREST ON PLAINTIFF'S BACK PAY AWARD

*August 3, 1983 to December 31, 1983*

Interest rate of 13.0% on $11,170.84 = $596.80 interest.

*January 1, 1984 to December 31, 1984*

Interest rate of 11.0% on $11,767.64 = $1294.44 interest.

*January 1, 1985 to December 31, 1985*

Interest rate of 12.0% on $13,062.08 = $1,567.45 interest.

*January 1, 1986 to December 31, 1986*

Interest rate of 10.0% on $14,629.53 = $1,462.95 interest.

*January 1, 1987 to December 31, 1987*

Interest rate of 8.0% on $16,092.48 = $1,287.40 interest.

*January 1, 1988 to December 31, 1988*

Interest rate of 9.0% on $17,379.88 = $1,564.19 interest.

*January 1, 1989 to December 31, 1989*

Interest rate of 10.0% on $18,944.07 = $1894.41 interest.

*January 1, 1990 to December 31, 1990*

Interest rate of 10% on $20,838.48 = $2,083.85 interest.

*January 1, 1991 to December 31, 1991*

Interest rate of 7.02% on $22,922.33 = $1,609.15 interest.

*January 1, 1992 to April 22, 1992*

Interest rate of 7.02 on $24,531.48 = $532.33 interest.

Total Back Pay due with interest = $25,063.81.