**Christine RUSH, Plaintiff,**

v.

**SCOTT SPECIALTY GASES, INC., Defendant.**

**Civil Action No. 95–0748.**

United States District Court, E.D. Pennsylvania.

Oct. 15, 1996.

Martha Sperling, Elizabeth O'Connor Tomlinson, Doylestown, PA, for Plaintiff.

Kathryn H. Levering, J. Freedley Hunsicker, Jr., Patricia Proctor, Drinker, Biddle & Reath, Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before this Court is Defendant's Motion for Clarification of our August 6, 1996 Order Regarding the Award of Pre–Judgment Interest. For the reasons that follow, we now specify that this Order awarded prejudgment interest only for that portion of the jury's lost wages award that may be allocated to lost back pay.

## BACKGROUND

On April 19, 1996, after a two-week trial, a jury awarded Plaintiff Christine Rush a verdict on all but one of her claims against Defendant Scott Specialty Gases, Inc. Plaintiff's claims were based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2000e–17 (1994) and the Pennsylvania Human Relations Act, 43 P.Stat.Ann. §§ 951–963 (1991). The jury's verdict awarded $203,000 in lost wages, $1,000,000 for pain and suffering, and $3,000,000 in punitive damages. On May 6, 1996, Plaintiff filed a Motion for Pre- and Post–Judgment Interest on these damages, with the parties later stipulating that Defendant need not respond to this motion until Defendant's post-trial motions were resolved. On July 13, 1996, we denied Defendant's Motion for Judgment as

a Matter of Law, and denied its Motion for a New Trial on the condition that Plaintiff accept a remittitur of $3,600,000 of her damages to $603,000—$100,000 for pain and suffering, $300,000 in punitives, and the jury's original award of $203,000 for lost wages. Plaintiff accepted this remittitur.

On August 6, 1996, having heard no response from Defendant to Plaintiff's motion, we issued the following Order, which reads in its entirety:

> AND NOW, this 6th day of August, 1996, upon consideration of Plaintiff's Motion for Pre–Judgment Interest and Post–Judgment Interest on her Award of Monetary Damages, the Motion is hereby GRANTED.[FN1]
>
> [FN 1. Awards of interest are authorized under *Loeffler v. Frank,* 486 U.S. 549, 557–58, 108 S.Ct. 1965, 1970–71, 100 L.Ed.2d 549 (1988) and 28 U.S.C. § 1961(a).]

Defendant moves now for clarification of this Order regarding the award of pre-judgment interest. Because Defendant does not seek to clarify the Order with respect to the award of post-judgment interest, we assume that Defendant has no question as to the Order's meaning in this regard.

### DISCUSSION

Defendant argues that it must pay pre-judgment interest only on the portion of Plaintiff's lost wages award that actually constitutes lost back pay. Defendant contends that, in keeping with the compensatory purpose of pre-judgment interest, it should not be required to pay interest on the awards of punitive damages, pain and suffering damages, and the portion of the lost wages award attributable to future wages (or "front pay"). Before we resolve these claims, however, we must first address Plaintiff's contention that Defendant's failure to file a response to Plaintiff's Motion for Pre- and Post–Judgment interest bars Defendant from raising these arguments now.

### I. WAIVER

■ Plaintiff argues that Defendant's Motion for Clarification is simply the long-over-due response to Plaintiff's original motion, a response that we must not consider now because the original motion has already been granted as uncontested. Plaintiff finds support for this argument in Local Rule 7.1, which provides in relevant part that "[i]n the absence of a timely response [to a motion], the motion may be granted as uncontested." Plaintiff contends that this rule bars Defendant from challenging the Order that granted the uncontested motion under the guise of merely seeking to "clarify" it. In short, Plaintiff urges that Defendant's failure to file such a timely response constitutes a waiver of the arguments that Defendant would have raised in its response.

While we regard with disfavor Defendant's failure to raise its arguments in response to Plaintiff's original motion, the result that Plaintiff urges is unwarranted in this case. The language of Rule 7.1 is discretionary ("may be granted"), not mandatory, thus we may apply it as we see fit. In this case, strict application of the Rule might permit Plaintiff to recover interest to which she is not legally entitled. We therefore address on the merits arguments that should have been raised at an earlier point to avoid awarding Plaintiff a windfall at Defendant's expense.

### II. THE AVAILABILITY OF PRE–JUDGMENT INTEREST

■ It is well-settled that Title VII authorizes prejudgment interest as part of the back pay remedy in actions against private employers. *Loeffler v. Frank,* 486 U.S. 549, 557, 108 S.Ct. 1965, 1970, 100 L.Ed.2d 549 (1988). As with the back pay award itself, "prejudgment interest helps to make the victims of discrimination whole." *Booker v. Taylor Milk Co., Inc.,* 64 F.3d 860, 868 (3d Cir.1995) (citing *Green v. USX Corp.,* 843 F.2d 1511, 1530 (3d Cir.1988)). The Third Circuit has recently explained that the "award of prejudgment interest is compensatory in nature; it serves to compensate a plaintiff for the loss of the use of the money that the plaintiff otherwise would have earned had he not been unjustly discharged."

*Booker,* 64 F.3d at 868 (citations omitted). The Third Circuit has also noted generally that the "determination of whether to award prejudgment interest in a Title VII case is committed to the discretion of the district court." *Robinson v. SEPTA, Red Arrow Division,* 982 F.2d 892, 897 (3d Cir.1993).

■ Implicit in *Loeffler* and in subsequent Third Circuit decisions is that, if prejudgment interest is authorized for back pay awards, it is not so authorized for punitive, pain and suffering, and future damages.[1] Defendant cites several decisions of district courts in this Circuit consistent with this conclusion. *See, e.g., Woodyatt v. Bethlehem Steel Corp.,* 1996 WL 334427, *2–3 (E.D.Pa. June 10, 1996) (awarding no interest on punitive damages or front pay); *Taylor v. Central Pa. Drug & Alcohol Servs. Corp.,* 890 F.Supp. 360, 376 (M.D.Pa.1995) (ordering back pay, including pre-judgment interest, and compensatory damages); *Gallo v. John Powell Chevrolet, Inc.,* 779 F.Supp. 804, 817 (M.D.Pa.1991) (awarding pre-judgment interest on back pay, not compensatory damages); *see also Boyle v. Pool Offshore Co.,* 893 F.2d 713, 719 (5th Cir.1990) ("Pre-judgment interest may not be awarded on a judgment for future damages.").

Moreover, if the purpose of awarding prejudgment interest is to compensate a plaintiff for the loss of use of money that she would otherwise have earned, it is entirely consistent with this purpose not to award interest on money that she would have earned in the future (front pay) or would never have earned but for the jury verdict (punitive and pain and suffering damages). Again, we find persuasive the cases Defendant cites concerning front pay, *see Scarfo v. Cabletron Sys., Inc.,* 54 F.3d 931, 961 (1st Cir.1995)

(reasoning that "[i]nterest is ordinarily awarded to compensate for the lost use of funds. Since the front pay awards represent damages for wages the plaintiff would have received in the future, after the date of judgment, the plaintiffs had not lost the use of these funds before the judgment was ordered"), and punitive damages, *see Wickham Contracting v. Local Union No. 3,* 955 F.2d 831, 834 (2d Cir.) (holding that pre-judgment interest should not be granted "if the statutory obligation on which interest is sought is punitive in nature"), *cert. denied,* 506 U.S. 946, 113 S.Ct. 394, 121 L.Ed.2d 302 (1992). Though Plaintiff rightly notes that *Wickham* concerned the Labor Management Relation Act, not Title VII, its logic applies with equal force in this context. *See also Rodgers v. United States,* 332 U.S. 371, 374–76, 68 S.Ct. 5, 7–8, 92 L.Ed. 3 (1947).

Plaintiff cites a single case, *Luciano v. Olsten Corp.,* 912 F.Supp. 663 (E.D.N.Y. 1996), for the proposition that it is within our discretion to award pre-judgment interest for the entire damage award in this case. In *Luciano,* the court awarded interest on back pay damages as well as on the other expenses the plaintiff had incurred as a direct result of her wrongful termination, i.e., job search expenses and a penalty for early withdrawal from her IRA account. *Id.* at 676–78. The court emphasized that the remedial purpose of awarding interest is to "prevent an employer from attempting to 'enjoy an interest-free loan for as long as it can delay paying out back wages' ... by compensating the plaintiff for the value of the money she lost over time due to defendants' discriminatory acts." *Id.* at 676 (citation omitted).[2] Thus, *Luciano* merely bolsters the conclusion that the only interest available to Plaintiff here is that for the money she otherwise would have earned in the past but for Defendant's discrimination.

---

**1.** Our August 6, 1996 Order cited *Loeffler* as authority for granting Plaintiff's motion. Defendant might legitimately argue that it truly seeks to "clarify" this Order in that it simply seeks to confirm that we had awarded interest only to the extent that *Loeffler* authorizes, i.e., on the back pay award. In this sense, Defendant's motion may properly be considered more than simply a long overdue response to Plaintiff's original motion.

**2.** The *Luciano* court rejected the argument that prejudgment interest should not be available for back pay where a jury has also awarded punitive damages. *Id.* at 676. We agree with the court's finding that such a conclusion would be inconsistent with the fundamental remedial purpose of Title VII, and with the very different nature of the back pay and punitive damages.

Plaintiff also argues generally that the 1991 expansion of the remedies available under Title VII weighs in favor of awarding interest on the entire judgment in this case. Plaintiff alleges that, in light of the 1991 amendments, "[i]t is well-settled that a successful plaintiff is entitled to pre-judgment interest *on the judgment* and the judgment is composed of all the damages awarded." (Pl.'s Mem. at 10) (emphasis in original). Plaintiff fails to cite a single case in support of this "well-settled" proposition, however, and we find that adopting it here would be both unprecedented and unwarranted.

Finally, Plaintiff drops two footnotes (numbers 4 and 5) in her memorandum reminding the Court that she also succeeded on her Pennsylvania Human Relations Act claims. Though Plaintiff asserts that "according to state law, [she] is entitled to pre-judgment interest on all of the various categories of damages which comprise her total award," she again provides no support for the allegation. (Pl.'s Mem. at 10 n. 5).

Thus, we limit the award of pre-judgment interest in this case to those lost wages damages attributable to back pay. This result is consistent with both the case law and the compensatory purpose of awarding such interest. We now determine how this interest should be computed.

## III. CALCULATING PRE–JUDGMENT INTEREST

■ The task now before us is to determine what portion of the jury's $203,000 lost wages award should be attributed to back pay. Plaintiff justifiably complains that this inherently speculative task could have been avoided had Defendant requested special interrogatories requiring the jury to specify its allocation of the damages. Plaintiff also persuasively argues that this uncertainty distinguishes the present case from the other district court cases in this Circuit where the amounts allocated to back pay were not disputed. *See, e.g., Woodyatt,* 1996 WL 334427

at *2–3; *Taylor,* 890 F.Supp. at 376–82. We will therefore use our discretion in this matter to allocate the maximum possible of the $203,000 lost wages award to back pay and award pre-judgment interest on that amount.

■ In calculating the back pay award, we adopt the figures provided by Defendant in its memorandum in support of its motion, supported by its attached exhibits B through E, and not disputed by Plaintiff in her response. According to the figures reprinted in the attached exhibit, we find that $98,176.48 of the $203,000 lost wages award may be attributed to lost back pay. It is an appropriate exercise of our discretion to include as part of the back pay award in this case the tuition reimbursements and other benefits that Plaintiff lost as a result of Defendant's discrimination. *See Luciano,* 912 F.Supp. at 676–78. Finally, the pre-judgment interest should be calculated on the Internal Revenue Service adjusted prime rate as provided at 26 U.S.C. § 6621, *see Taylor,* 890 F.Supp. at 368–69; *Gallo,* 779 F.Supp. at 817, paid from the respective dates that the lost wages accrued, *see Taylor,* 890 F.Supp. at 380; *Frazier v. SEPTA,* 814 F.Supp. 11, 14 (E.D.Pa.1993), and compounded quarterly, *see Kraemer v. Franklin and Marshall College,* 941 F.Supp. 479, 487 (E.D.Pa.1996); *EEOC v. Reads, Inc.,* 759 F.Supp. 1150, 1162 n. 20 (E.D.Pa.1991).

## CONCLUSION

We conclude that awarding prejudgment interest solely on the portion of the lost wages award that may be attributed to lost back pay is consistent with the case law and the compensatory purpose of awarding such interest. We have exercised our discretion, however, to allocate as much of the jury's award to lost back pay as is possible in light of the trial record in this case. We therefore decline to adopt the proposed schedule attached as exhibit A to Plaintiff's brief, and direct Plaintiff to submit a new schedule in accordance with this clarification. An appropriate Order follows.

APPENDIX:

COMPUTATION OF LOST BACK
PAY PORTION OF LOST
WAGES AWARD

|  | $64,750 | lost back pay from 3/8/93 to 4/19/96 |
| − | 2,647.32 | amount earned from 3/8/93—6/10/93 |
| = | 62,108.68 | **total lost back wages** |

LOST BACK TUITION REIMBURSEMENT

|  | $66,557 | total tuition reimbursement lost |
| − | 26,160 | future master's program |
| − | 13,080 | future undergraduate tuition |
| = | 27,317 | **total lost back tuition reimbursement** |

OTHER BENEFITS

|  | $538.25 | premiums lost for life, accidental death and dismemberment and long-term disability insurance |
| + | 7,369.28 | lost COBRA premiums |
| + | 843.27 | lost cash-out value of pension |
| = | 8,750.80 | **total lost back benefits** |

TOTAL LOST BACK PAY

|  | $62,108.68 | total lost back wages |
|  | 27,317 | total lost back tuition reimbursement |
|  | 8,750.80 | total lost back benefits |
| = | 98,176.48 | **TOTAL LOST BACK PAY** |

## ORDER

AND NOW, this 10th day of October, 1996, upon consideration of Defendant's Motion for Clarification of this Court's August 6, 1996 Order Regarding Pre–Judgment Interest, and Plaintiff's response thereto, it is hereby ORDERED that:

1. Pre-judgment interest is to be paid on $98,176.48, the portion of Plaintiff's lost wages award that actually constitutes lost back pay;

2. Pre-judgment interest is to be paid from June 10, 1993, and is to be paid as calculated from the respective dates the lost wages accrued;

3. Pre-judgment interest is to be calculated using the Internal Revenue Service rate as stated in 26 U.S.C. § 6621 and compounded quarterly;

4. Plaintiff is directed to submit a proposed schedule calculating pre-judgment interest and post-judgment interest in accordance with this Order within fourteen (14) days of the date of entry of this Order;

5. If Defendant disagrees with Plaintiff's calculation of interest, it may file its own proposed schedule within ten (10) days of the filing of Plaintiff's schedule. Failing receipt of a counter-proposal from Defendant within the time period allotted, this Court will deem Plaintiff's proposal unopposed and direct the Court to enter judgment accordingly.