## MARSHALL FIELD & CO. v. NATIONAL LABOR RELATIONS BOARD.

No. 453. Argued February 3, 1943.—Decided March 1, 1943.

---

*Mr. Ralph E. Bowers,* with whom *Mr. Preston B. Kavanagh* was on the brief, for petitioner.

*Mr. Robert W. Watts,* with whom *Solicitor General Fahy* and *Messrs. Valentine Brookes* and *Ernest A. Gross,* and *Miss Ruth Weyand* were on the brief, for the respondent.

PER CURIAM.

In this case the Labor Board ordered petitioner to compensate certain of its employees for loss of pay suffered as a result of their discriminatory discharge in violation of the National Labor Relations Act. Paragraph 2 (b) of the order directed that petitioner "make whole" the employees by payment to them of a sum "equal to that which they would normally have earned as wages" during the specified period, less their "net earnings" during the period (34 N. L. R. B. 1, 21). On consent of the parties, the Circuit Court of Appeals for the Seventh Circuit enforced the other provisions of the Board's order, and reserved "jurisdiction" to determine whether Paragraph 2 (b) permitted petitioner to deduct benefits received by the em-

ployees under the Illinois Unemployment Compensation Act, and, if not, whether to that extent the order was within the power of the Board. On consideration of the questions reserved, the court construed the order as not permitting such a deduction, and held that so construed it was within the Board's authority. 129 F. 2d 169. An appropriate enforcement decree was entered, and we granted certiorari. 317 U. S. 617.

We agree with the court below that the benefits received under the state compensation act were plainly not "earnings" which, under the terms of the Board's order, could be deducted from the back pay awarded. And upon examination of the record we think the Board's order should be enforced without considering the question whether such a provision is within the Board's authority.

Section 10 (e) of the Act, 29 U. S. C. § 160 (e), provides that "No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." We do not find that, at any stage of the proceedings before the Board, the objection now urged as to the Board's lack of power was presented to it or to any member or agent of the Board, or that there are any "extraordinary circumstances" which would excuse such failure.

Paragraph 2 (b) of the Board's order is in substance the recommendation of the intermediate report of the trial examiner. Yet petitioner's only objection to this part of the examiner's report was that the examiner had erred "in making each and every recommendation." Such a general objection did not apprise the Board that petitioner intended to press the question now presented, and may well account for the Board's failure to consider this question in its decision and to make findings with respect to it.

The present case gives emphasis to the salutary policy adopted by § 10 (e) of affording the Board opportunity to consider on the merits questions to be urged upon review of its order. In objecting to Paragraph 2 (b) for its want of support in the Board's findings, petitioner contends that the Illinois unemployment compensation fund is in substance an unemployment insurance fund built up wholly from tax contributions by employers; that the benefits received from the fund by the employees cannot under state law be reclaimed or refunded; and that the eligibility of these employees for future benefits from the fund has not been impaired because of the benefits already paid to them. Findings with respect to these contentions are an appropriate if not indispensable basis for judicial review of the question sought to be raised. We think § 10 (e) makes its presentation to the Board a prerequisite to judicial review.

The reservation in the consent decree of "jurisdiction" to consider this objection was not a waiver by the Board or the court of conformity to the requirements of § 10 (e). Assuming that such a waiver might be made with the assent of the court, we cannot read in the consent decree anything more than a reservation of the court's jurisdiction to decide the question according to law.

For the reason that the record does not show compliance with § 10 (e) with respect to the question raised as to the Board's authority, the decree is

*Affirmed.*

Mr. Justice Rutledge took no part in the consideration or decision of this case.