NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MILLWRIGHTS & MACHINERY ERECTORS, LOCAL UNION 1510, affiliated with the United Brotherhood of Carpenters & Joiners of America, AFL–CIO, Respondent.

No. 23839.

United States Court of Appeals Fifth Circuit.

June 21, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, George B. Driesen, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius Rosenbaum, Atty., N. L. R. B., Washington, D. C., for petitioner.

Henry L. Jalette, Frank E. Hamilton, Jr., Hardee, Ott & Hamilton, Tampa, Fla., for respondent.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

AINSWORTH, Circuit Judge:

The Board has petitioned us to enforce its order holding that the Union violated Sections 8(b) (1) (A), 29 U.S.C.A. § 158 (b) (1) (A), and 8(b) (2), 29 U.S.C.A. § 158(b) (2), of the National Labor Relations Act by threatening to fine and to deny job referral to one of its members, Lige Lee, if he should file unfair labor practice charges against the Union with the Board, and by the Union causing the Employer (Mulberry Construction & Welding Company) to discriminate against Lee by refusing to hire him. We enforce.

The Union is the exclusive source of the Employer's millwrights. In the latter part of March 1964, Lee, a Union member in good standing, worked as a foreman of millwrights at the Employer's Fort Meade, Florida, project. As the project was nearing completion at that time, the Employer's owner, Norris, and the Employer's superintendent, Curry, requested Lee's referral as foreman of millwrights to a new Employer project at Tenoroc Mines, Lakeland, Florida. The request was denied by the business representative of the Union, Turner, who referred another Union member as foreman on April 2, 1964. Four days later Turner referred Lee as a journeyman. Lee declined the referral and unsuccessfully brought charges against Turner for restitution of wages before the Union's executive board. At this hearing Lee was reminded by the recording secretary of the Union that he possibly could be fined and deprived of work if he complained to the Labor Board of the Union's actions. Lee, nevertheless, filed a complaint of unfair labor practices against the Union with the Board on April 23, 1964. On the same day the Employer again requested the Union, through Turner, to refer Lee as foreman to replace the employee who was not satisfactorily performing the job. The Union agreed, and on the following morning, Friday, April 24, Lee was referred to the project and told to report to work on Monday, April 27. On that same Friday, April 24, Turner of the Union called Norris, owner of Employer company, and requested that Lee not be given the job of foreman. It was agreed that Lee would be used as a journeyman millwright. Lee reported for work on Monday but when told that he was to work as a journeyman he declined the offer. Howell, who had been informed that day that he was to assume the job as foreman, unsuccessfully attempted to persuade Lee to accept the job. Several hours later, Lee returned to the jobsite accompanied by an agent from the Board's Tampa Regional Office, who had advised Lee to accept the job as journeyman. Lee indicated to Superintendent Curry that he was ready to work as a journeyman. Curry, however, referred Lee to Howell for clearance because he (Curry) did not "want to get in bad with the Union." When Howell learned that the person with Lee was a Board agent and that Lee had filed unfair labor charges, he urged Lee to withdraw the charges. Upon Lee's refusal to do so, Howell informed Lee, without explanation, that he was unable to employ him.

We agree with the Board that there is substantial evidence that Lee was refused employment as a journeyman millwright because he had invoked the provisions of the Act in filing charges against the Union with the Board. The Trial Examiner was of the opinion that Lee was denied employment on April 27 because he was not qualified to fill the only alleged existing vacancy at the time, that of a welder. The Board did not accept this explanation of the events of April 27, nor do we. When Lee reported for work that morning he had been referred by the Union for the job as journeyman millwright, and was accordingly offered the job, and actually urged to take it by Howell and Curry. The presence of the Labor Board agent, indicating Lee's intervention with the Board, and the statement

by Lee that he had filed charges against the Union, are the only conceivable factors, in the absence of any intervening circumstances—and there were none—that could have motivated Howell to deny Lee the job which was available only a few hours before. The evidence supports the Board's finding that this action was violative of Section 8(b)(2) and (1)(A) of the Act. See Partin v. National Labor Relations Board, 5 Cir., 1966, 356 F.2d 512; Local No. 320, International Union of Operating Engineers, AFL–CIO v. National Labor Relations Board, 5 Cir., 1966, 357 F.2d 340.

We further agree with the Board that the remarks of the recording secretary of the Union to Lee relative to a possible fine and loss of work if Lee should complain to the Board were clearly threatening and coercive. As such they were violative of Section 8(b)(1)(A) of the Act which makes it an unfair labor practice for a union to restrain or coerce employees in the exercise of their Section 7 rights, 29 U.S.C.A. § 157; N. L. R. B. v. Local Union No. 450, etc., 5 Cir., 1960, 281 F.2d 313.

 The Board's order in respect to the Union's violation of the Act by the threatening and coercive remarks made to Lee and by causing the Employer to refuse to hire him is supported by substantial evidence. Therefore, it must be enforced. See N. L. R. B. v. Brown, 380 U.S. 278, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965); Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Two arguments are advanced by the Union on appeal which were not urged during the administrative proceedings. The Union claims (1) that Lee, the charging party, was not a bona fide applicant for employment but rather was engaged in a plan to entrap the Union, and (2) Howell was not an agent of the Union when he prevented Lee from working.

### The Entrapment Argument

█ The Union asserts that Lee was not seriously seeking employment when he returned the second time to the job-site on April 27; that his purpose was to entrap the Union. The Union is precluded by Section 10(e) of the Act, 29 U.S.C.A. § 160(e), from raising this issue on appeal. See N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); Marshall Field & Co. v. National Labor Rel. Board, 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744 (1943). This subsection specifically provides in pertinent part that "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." The assertion of entrapment is based only on the Union's conjecture arising from the presence of the Board agent with Lee. No circumstances have been shown in this case which would take it out of the ambit of Section 10(e).

### The Non-Agent Argument

█ The Union contends that Howell was not its agent and consequently that the order of the Board should not be enforced.

After the Union's formal denial of the allegation in the complaint that Howell was its agent, the Union apparently abandoned this defense up until the time of this appeal. Howell testified before the Trial Examiner that he was representing the Union as a steward. The Union offered no rebutting evidence or argument, and the Trial Examiner found Howell to be an agent of the Union within the meaning of the Act. No exceptions were filed by the Union to this finding; nor was the issue raised in the Union's motion for reconsideration and request for oral argument subsequent to the Board's reversal of the Trial Examiner's dismissal of the complaint. Regardless of whether or not the issue is properly before us, we find no merit in it. The evidence clearly shows that Howell was acting as an agent for the Union when he refused to employ Lee.

Accordingly, the Board's order is enforced.