**GEAUGA PLASTICS COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 18076.

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1968.

Glenn R. Beustring, Tulsa, Okl., for petitioner, C. A. Kothe, Kothe, Eagleton & Hall, Tulsa, Okl., on the brief.

Lawrence A. Sherman, N. L. R. B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Abigail Cooley Baskir, Attys., N. L. R. B., Washington, D. C., on the brief.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

The company petitions to review and set aside the order and decision of the Board reported at 166 N.L.R.B. No. 60, and the Board has filed a cross-petition for enforcement.

The principal question before this Court is whether substantial evidence on the record considered as a whole supports the finding of the Board that the Company discharged Lorma Iiams discrimi-

natorily because of her activities as a union adherent, in violation of § 8(a) (3) and (1) of the Act.

Iiams began working for the Company in January 1963, and until after she took a leading part in the Union's organizing campaign had never been reprimanded for poor work or for any other reason. At the beginning of her Union activities she was second in seniority in her department. Shortly after the filing of the Union's election petition she was transferred unexpectedly and without explanation to another job. Thereafter she was transferred to different jobs in the molding department and then was transferred out of the molding department altogether because of an arm injury. Later she was assigned to a number of different jobs in the finishing department, where she made several mistakes. After one oral reprimand and three disciplinary layoffs for improper work performance she was fired on March 24, 1966.

The Board, in disagreement with its Trial Examiner, found that the shifting of Iiams from one job to another was motivated by discriminatory purposes; that the Company singled her out because of her known union activities and embarked on a course of frequent transfers to difficult jobs for the purpose of getting rid of her; and that her foreman gave her the "hardest jobs he could find and asked her to quit." The Board ordered reinstatement with backpay.

The Company contends that the job shifts of Iiams were made on the basis of production requirements and that she was discharged for incompetent work.

■ Upon review of the transcript we hold that the finding of the Board of a § 8(a) (3) and (1) violation in the discharge of Iiams is supported by substantial evidence, including the testimony of Herman Haygood, an assistant foreman. Basel Arbogast, the general foreman who discharged Iiams, was introduced as a witness after Iiams had testified, but he did not deny her charge that he had admitted transferring her to the hardest jobs he could find and asked her to quit. The decision of the Board is further sup-

ported by the series of frequent transfers, reprimands and disciplinary layoffs to which Iiams was subjected following her activities during the Union organizing campaign.

We therefore hold that the conclusion of the Board concerning the discriminatory discharge of Iiams and ordering her reinstatement with backpay is supported by substantial evidence on the record considered as a whole.

■ Two other questions are presented by the company: (1) Whether the employer engaged in unlawful threats, interrogation and surveillance in violation of § 8(a) (1) of the Act; and (2) whether the company violated § 8(a) (2) of the Act by establishing, assisting, supporting and dominating a plant committee. The Court finds that these two questions are not subject to judicial review, because the company failed to file exceptions with the Board as required by § 10(e) of the Act and § 102.46(h) of the Board's rules and regulations. N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312; Marshall Field & Co. v. N. L. R. B., 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744. We find no extraordinary circumstances in this case to excuse failure to file exceptions with the Board.

Enforcement granted.