**LOCAL LODGE NO. 790 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, Appellant,**

v.

**CHAMPION CARRIERS, INC., Appellee.**

No. 72-1427.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1972.

Jarboe & Keefer, Tulsa, Okl., for appellant.

Carl D. Hall, Jr., Hall & Sublett, Tulsa, Okl., for appellee.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

The union appeals from a judgment of the district court allowing Champion to deduct unemployment compensation from a back pay award to a union member. Jurisdiction is pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (1970).

An arbitrator determined that Tully Johnson, a Champion employee and union member, was wrongfully discharged. The arbitrator ordered that "the grievant [Johnson] shall be reinstated with full back pay . . . less any amount earned from other employment. . . ."

During the period between his discharge and reinstatement Johnson earned $1,304.25 from other employment. He also received $520.00 in unemployment compensation from the State of Oklahoma. Champion reinstated Johnson and paid him his back pay

less $1,304.25 and $520.00, contending that the unemployment compensation constituted "earnings." The union brought this action on behalf of employee Johnson to recover the $520.00.

The arbitrator's award authorized only amounts "earned from other employment" to be deducted from the back pay award. Clearly, the language of the award does not allow deduction of unemployment compensation benefits. NLRB v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337 (1951); Marshall Field & Co. v. NLRB, 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744 (1943); Winn-Dixie Stores, Inc. v. NLRB, 413 F.2d 1008 (5th Cir. 1969); International Association of Machinists, Lodge 917 v. Air Products & Chemicals, Inc., 341 F. Supp. 874 (E.D.Pa.1972); see also 48 Am.Jur.2d, Labor and Labor Relations § 1070, and Annot., 144 A.L.R. 399 (1943). The right of Champion to deduct the $520.00 from the arbitrator's award for back pay is the only question before us.

Reversed and remanded with instructions to enter judgment for the plaintiff.