SOUTHERN MOLDINGS, INC.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 81–1230.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 16, 1984.

Decided March 8, 1984.

Jon C. Flinker (argued), Duvin, Flinker, & Cahn Co., Lee Hutton, Cleveland, Ohio, for petitioner.

Elliott Moore, John Elligers (argued), Deputy Associate General Counsel, Ralph Simpson, National Labor Relations Board, Washington, D.C., for respondent.

Before LIVELY, Chief Circuit Judge, EDWARDS, ENGEL, KEITH, MERRITT, KENNEDY, MARTIN, JONES, CONTIE, KRUPANSKY and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge, delivering the opinion for the Court.

We voted to reconsider *en banc* this unfair labor practice case primarily to decide the question of whether *NLRB v. Gissel Packing Co.,* 395 U.S. 575, 614, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969), should be interpreted to require the National Labor Relations Board, prior to the issuance of a bargaining order, to make explicit findings and conclusions respecting the inadequacy of a new election or other less onerous remedies for correcting unfair labor prac-

tices committed by an employer during a union election campaign.[1] We now conclude that we lack jurisdiction of this question under *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982), and section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1976), because this specific issue was not raised before the Board prior to its decision, or upon reconsideration.[2] The jurisdictional issue was not raised by the NLRB before the panel of this Court whose decision, 715 F.2d 1069 (6th Cir.1983), was vacated by our *en banc* order. We, therefore, must pretermit the question that we granted an *en banc* hearing to decide. For the same basic reasons stated by the panel decision, we find substantial evidence in the record to support the Board's unfair labor practices findings and conclusions. We also find that there is evidence from which the NLRB could find that the general test stated by the Supreme Court in *Gissel* for the entry of a bargaining order is satisfied.[3] Accordingly, the Board's order is enforced.

KRUPANSKY, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority that pursuant to *Woelke Romero Framing, Inc. v. N.L. R.B.,* 456 U.S. 645, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982), this court is without jurisdiction to review the Board's compliance with the Supreme Court mandate

---

1. In *Gissel,* the Court referred to the findings necessary for the issuance of such an order only in general language:
   "In fashioning a remedy in the exercise of its discretion, then, the Board can properly take into consideration the extensiveness of an employer's unfair practices in terms of their past effect on election conditions and the likelihood of their recurrence in the future. If the Board finds that the possibility of erasing the effects of past practices and of ensuring a fair election (or a fair rerun) by the use of traditional remedies, though present, is slight and that employee sentiment once expressed through cards would, on balance, be better protected by a bargaining order, then such an order should issue.
   395 U.S. at 614–15, 89 S.Ct. at 1940–41.

2. In *Woelke,* Justice Marshall wrote for a unanimous court:

[T]he Court of Appeals was without jurisdiction to consider that question [a picketing issue]. The issue was not raised during the proceedings before the Board, either by the General Counsel or by Woelke. Thus, judicial review is barred by § 10(e) of the Act, 29 U.S.C. § 160(e), which provides that "[n]o objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances...." Woelke could have objected to the Board's decision in a petition for reconsideration or rehearing. The failure to do so prevents consideration of the question by the courts.
456 U.S. at 665–66, 102 S.Ct. at 2082–83.

3. The general test is stated in note 1, *supra.*

enunciated in *N.L.R.B. v. Gissel,* 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) in imposing the contested bargaining order in this case because the petitioner failed to assert this issue during the proceedings before the Board. I further concur with the majority that this Court has jurisdiction to review the Board's determination that Southern Moldings Inc. committed the unfair labor practices with which it was charged and that the administrative record incorporates substantial evidence to support the Board's conclusion that Southern Moldings Inc. violated the Act.

I write separately because I am not in accord with the *obiter dictum* contained in the majority opinion's penultimate sentence namely that the *United States v. Gissel* criteria was satisfied. Having initially concluded that this very issue was beyond the court's authority to review in light of the pronounced jurisdictional defect it is inappropriate for the court to thereafter comment on the merits of the assignment of error which was improperly submitted for appellate review.

WELLFORD, Circuit Judge, concurring in part and dissenting in part.

I concur with the conclusion set out by Judge Merritt that *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982), neither argued before nor called to the attention of the panel which considered this case prior to the *en banc* hearing, precludes our consideration of what I believe to be inadequate and insufficient findings and conclusion of the Board to justify the extraordinary remedy of ordering petitioner to bargain with the intervenor union, which lost the election in controversy.

To the extent the Board considered the failure of the petitioner to raise wages of its employees while the election campaign was in progress, but later did so consistent with petitioner's commitment, as a basis for the bargaining order, I must respectfully dissent. I also cannot agree that the "possibility of erasing the effects of past practices and of ensuing a fair election (or a fair

rerun) by the use of traditional remedies ... is slight" in this case. *NLRB v. Gissel,* 395 U.S. 575, 614, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969) (as cited in footnote 1 of the majority opinion). Rather, for the reasons set out in my dissent in the panel opinion in this case filed August 23, 1983, I would find no substantial basis for concluding that a fair election cannot be held utilizing traditional Board remedies.