**AWREY BAKERIES, INCORPORAT-ED (01–2225) Council 30, United Distributive Workers Union, Retail, Wholesale and S*Department Store Union, UFCW, AFL–CIO–CLC (01–2258) Petitioners/Cross–Respondents,**

v.

**NATIONAL LABOR RELATIONS BOARD (01–2451/01–2452), Respondent/Cross–Petitioner.**

Nos. 01–2225, 01–2452, 01–2258, 01–2451.

United States Court of Appeals,
Sixth Circuit.

Feb. 25, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN,* District Judge.

OPINION

GWIN, District Judge.

On this petition, we examine whether substantial evidence supports the Respondent/Cross–Petitioner National Labor Relations Board's ("the Board") finding that Petitioners/Cross–Respondents Awrey Bakeries, Inc. ("Awrey Bakeries") and Council 30 Distributive Workers Union, and Wholesale Department Stores Union

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

AFL–CIO–CLC ("the Union") violated Section 8(a)(1) of the National Labor Relations Act ("NLRA"). The Board found the petitioners violated the NLRA by maintaining a clause in their collective-bargaining agreement ("CBA") stopping employees from engaging in union activity during "working hours."

## I. PROCEDURAL BACKGROUND

This consolidated petition seeks review of a decision of the Board. The Board found that Awrey Bakeries and the Union violated Sections 8(a)(1) and 8(b)(1)(A) of the NLRA, 29 U.S.C. §§ 158(a)(1) and (b)(1)(A), by maintaining a certain contractual provision in their CBA. Rather than limiting union activity during working time, the CBA provision allegedly restricted union activity during working hours. Both Awrey Bakeries and the Union pray for this Court to set aside the order and to deny the Board's cross-application for enforcement.

In November 2000, the Seventh Region of the Board issued an amended consolidated complaint alleging an unfair labor practice. The Board processed this case after receiving a complaint filed by the charging party, Douglas Wiseman ("Wiseman").

The complaint alleged, *inter alia*, (1) that Awrey Bakeries attempted to prevent Wiseman from attending an August 28, 2000, union meeting and threatened him with discipline, and (2) that Awrey Bakeries and the Union maintained an illegal contractual provision in the CBA prohibiting union activities during "working hours."

On February 5, 2001, an Administrative Law Judge ("ALJ") tried the case. On May 11, 2001, the ALJ recommended that the Board dismiss all charges against Awrey Bakeries concerning Wiseman's attendance at the August 28 union meeting. However, the ALJ found that Awrey Bakeries and the Union violated Sections 8(a)(1) and 8(b)(1)(A) of the NLRA by maintaining a provision in the CBA that stated, "[t]he Union agrees that its members shall not carry on any Union activities on Company property during work hours."

All parties appealed the ALJ's decision to the Board. The Board affirmed the ALJ's order as modified. The Board found that the contractual provision in the CBA was a *per se* violation of Section 8(a)(1) of the NLRA, and that it had a "chilling effect" on employees' Section 7 rights under the NLRA. The order required Awrey Bakeries and the Union to rescind the CBA provision.[1]

On September 6, 2001, Awrey Bakeries filed a petition for review with this Court. On September 12, 2001, the Union also filed a petition for review. On October 17, 2001, the Board filed a cross-application for enforcement of the order. On November 1, 2001, Awrey Bakeries timely filed an answer to the Cross–Application. Upon the Board's motion, the Court ordered the two cases consolidated.

We now review the decisions of the Board.

## II. FACTUAL BACKGROUND

### A. The Collective Bargaining Agreement Between Awrey Bakeries and the Union

Awrey Bakeries produces and sells baked goods to retailers. For some thirty years, Awrey Bakeries and the Union have

---

1. At oral argument the parties agreed that since the filing of these petitions, the CBA has been changed and no longer contains the contested language. The only remaining re- lief affected by this petition is whether Awrey Bakeries shall post a notice on its bulletin board as ordered by the NLRB advising employees of Awrey Bakeries' NLRA violation.

agreed to a provision in the CBA that states:

> The company agrees not to discriminate directly or indirectly against any employee or employees on account of service on the aforesaid Top Committee or for any other Union activity, or for communicating any grievance to the Union or its duly authorized representatives. *The Union agrees that its members shall not carry on any Union activities on Company property during working hours,* except that members of the Top Committee may conduct the official business of their office during working hours. [Emphasis added.]

The Top Committee consists of five bargaining unit employees whose responsibilities include representing employees at the second stage of the grievance procedure. Wiseman serves as a Top Committee member. The emphasized portion of the above provision of the CBA is the clause the General Counsel alleges violated Sections 8(a)(1) and 8(b)(1)(A) of the NLRA.

## III. STANDARD OF REVIEW

We review questions of law that do not interpret the NLRA *de novo*. *Albertson's, Inc. v. NLRB*, 301 F.3d 441, 448 (6th Cir.2002). However, we defer to the legal interpretations and conclusions of the Board if they are based upon a reasonably defensible construction of the NLRA. *Id.* A reviewing court will not disturb the Board's factual findings and application of the law if substantial evidence supports them. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The decision of the Board must be upheld if a reasonable person would find the evidence adequate to support the conclusion reached, even if we might have reached a different conclusion had the matter been before us *de novo*. *NLRB v. Seawin, Inc.*, 248 F.3d 551, 554–55 (6th Cir.2001). In reviewing the record, however, we are obligated to consider evidence that detracts from the Board's findings. *Id.*

## IV. DISCUSSION

### A. The Union's Failure to File Exceptions

■ The General Counsel argues that federal statutory law precludes this Court from reviewing whether the Union violated section 8(b)(1)(A) of the NLRA because the Union failed to file exceptions to the ALJ's findings.[2] Section 10(e) of the NLRA, 29 U.S.C. § 160(e), states that:

> No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

Section 10(e) seeks to ensure that the Board has had an opportunity to consider questions raised on appeal. *Kitchen Fresh, Inc. v. NLRB*, 716 F.2d 351, 358 (6th Cir.1983) (citing *Marshall Field & Co. v. NLRB*, 318 U.S. 253, 256, 63 S.Ct. 585, 87 L.Ed. 744 (1943)). This gives federal courts an opportunity to benefit from the Board's expertise before they rule on important questions of law. *Id.*

The Union and Awrey Bakeries take virtually identical exceptions. Therefore, the Board had an opportunity to review the issues here. Allowing judicial review

---

**2.** The Union claims it mailed timely exceptions. Filings must be actually *received* by the Board by the official closing time on the last day for filing, or *postmarked* no later than the day before the due date, in order to be considered timely. *See* 29 C.F.R. §§ 102.111 and 102.112. The Union argues the exceptions were mailed the day before the deadline. However, the Union offers no proof of postmark. Instead the Union relies on its version of the events to prove the date of postmarking.

of the Board's findings against the Union is consistent with the spirit of Section 10(e). Furthermore, we have held that a party could seek judicial review on a matter it did not raise before the Board if another party to the enforcement proceedings adequately raised the issue. *NLRB v. United States Postal Serv.*, 833 F.2d 1195, 1202 (6th Cir.1987) (finding no bar to judicial review of employer's and union's claim where General Counsel's own brief in support of her exceptions raised the issue); *see also Mourning v. NLRB*, 559 F.2d 768, 771 (D.C.Cir.1977) (finding the statute did not preclude a petitioner who failed to advance an issue before the Board from seeking judicial review because the General Counsel's brief raised the argument below).

The General Counsel supports its argument relying on *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665–66, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). In *Woelke*, the Supreme Court ruled that the court of appeals did not have jurisdiction to review an issue the Board ruled on, because the employer and the General Counsel failed to raise it. *Id.* The General Counsel also cites *Southern Moldings, Inc. v. NLRB*, 728 F.2d 805, 805 (6th Cir.1984) (*en banc*). However, in that case we ruled we did not have jurisdiction to hear issues that neither party raised before the Board. *Id.* Both cases are readily distinguishable because they involve issues never raised to the Board. Here, Awrey Bakeries raised issues to the Board that concern both defendants. Therefore, under our precedent in *NLRB v. United States Postal Serv.*, we will allow review of the judgment against the Union.

### B. Collective Bargaining Agreement

█ The Board found that the Union and Awrey Bakeries violated Section 8 of the NLRA, 29 U.S.C. § 158(a)(1) and (b)(1)(A), by maintaining a contractual provision in the CBA that barred employees from engaging in union activities during "working hours." The defendants have prayed for this Court to reverse the judgment of the Board. After review of the arguments and the legal precedent, we affirm the Board's decision.

Section 7 of the NLRA guarantees employees the "right to self-organization, to form, join, or assist labor organizations ... and to engage in other concerted activities for the purpose of collective bargaining ..." 29 U.S.C. § 157. Section 8 enforces this right by declaring activity inconsistent with Section 7 as an illegal "unfair labor practice." Specifically, Section 8 makes it illegal for an employer to "interfere with, restrain, or coerce employees in the exercise of the rights" set forth in Section 7, 29 U.S.C. § 158(a)(1).

The Supreme Court has recognized that employers have a legitimate right to maintain discipline and production in operating their company. *See Republic Aviation Corp. v. NLRB*, 324 U.S. 793, 798, 65 S.Ct. 982, 89 L.Ed. 1372 (1945); *Eastex, Inc. v. NLRB*, 437 U.S. 556, 571–72, 98 S.Ct. 2505, 57 L.Ed.2d 428 (1978). An employer may designate that "work time is for working," *Peyton Packing Co.*, 49 NLRB 828, 843, 1943 WL 10225 (1943). Therefore, Awrey Bakeries and the Union could agree to prohibit activity protected by Section 7 in working areas during "working time." *Id; see also Republic Aviation*, 324 U.S. at 798–99; *NLRB v. Magnavox*, 415 U.S. 322, 324, 94 S.Ct. 1099, 39 L.Ed.2d 358 (1974). However, courts have distinguished between rules that prohibit Section 7 activity during "working time" and rules that prohibit Section 7 activity during "working hours." Rules prohibiting union activity during "working hours" are presumptively unlawful because they prohibit union activity during the entire workday, including the employees' "nonworking time." *Our Way, Inc.*, 268 NLRB 394,

411, 1983 WL 24767 (1983). *Accord, NLRB v. Daylin, Inc.,* 496 F.2d 484, 487–88 (6th Cir.1974). Having the presumptively invalid contractual language forbidding union activities during working hours shifts he burden to the employer to show it never communicated or applied the rule to prohibit union activity during break-times or other nonworking periods. *Ichikoh Mfg., Inc.,* 312 NLRB 1022, 1022, 1993 WL 406323 (1993), *enf'd mem.,* 41 F.3d 1507 (6th Cir.1994); *Mead Corp.,* 331 NLRB 509, 510, 2000 WL 872445 (2000).

A review of the plain language of the CBA shows that it prohibits union activity during "working hours." Therefore, under both our precedent and that of the NLRB, this provision of the CBA is presumptively unlawful. *See Daylin, supra, see also Our Way, supra.* Given the CBA language, the burden shifts to the employer to show the company never communicated or applied the rule in this way. *See Ichikoh, supra.* We agree with the NLRB's finding that the Union and Awrey Bakeries have failed to meet this burden.

The Union and Awrey Bakeries argue they can overcome the presumption that the CBA is unlawful because they can show that Awrey Bakeries never communicated or applied the CBA in such a way as to prohibit union activity during break-times, lunches, or other nonworking hours. *Ichikoh Mfg., Inc.,* 312 NLRB at 1022, 1993 WL 406323 (1993), *enf'd mem.,* 41 F.3d 1507 (6th Cir.1994); *Mead Corp., supra.* To support this argument, the Union and Awrey Bakeries show evidence that on August 28, 2000, Wiseman ultimately engaged in union activities required by his position on the Top Committee. This argument merely confuses the issue. A separate clause in the CBA governs Wiseman's attendance at the August 28, 2000, meeting between Top Committee and management. This clause concerns officers of the Top Committee. At issue here is whether employees, other than Top Committee members, knew they were free to conduct union activities during breaks, lunches, and other nonworking hours. The Union and Awrey Bakeries did not present evidence that proved that employees, other than Top Committee members, knew that their rights under the NLRA were broader than those outlined in the CBA.[3]

Although the Union and Awrey Bakeries cite several cases in support of their argument, they are distinguishable. In *American Safety Equip. Corp. v. NLRB,* the court found the company overcame the presumption that their CBA violated the NLRA, 643 F.2d 693 (10th Cir.1981). In that case, the company presented records that indicated that employees without reprisal openly conducted solicitation and distribution of union materials during nonwork time, despite a CBA that prohibited such activity. *Id.* Also, in *NLRB v. United Techs. Corps.,* the court found the company could overcome the presumption that the CBA was invalid because the record showed employees understood the CBA's ban on solicitation during "work hours" to mean "work time." 706 F.2d 1254 (2d Cir.1983).

Finally, the Union and Awrey Bakeries argue the Board erred by ruling the over

---

**3.** The only evidence that petitioners could point to regarding the perceptions of employees who were not Top Committee members was the testimony of Mr. Wiseman. Wiseman testified that before he became a Top Committee member he campaigned for union office during working hours on occasion, and was never disciplined for that activity. Mr. Wiseman noted, however, that "I was never in anyone's face either. I was subtle." The Board could validly find that this solitary bit of evidence did not meet the petitioners' burden to demonstrate that Awrey Bakeries did not communicate or apply the presumptively invalid CBA provision to employees generally.

broad CBA created a "chilling effect" on the rights of employees under the NLRA. We disagree. The Board found that the CBA had a "chilling effect" on the rights of employees under the NLRA. As the Seventh Circuit observed, when a CBA has a presumptively invalid clause, "its mere existence may chill the exercise of [S]ection 7 rights." *NLRB v. Rich's Precision Foundry, Inc.,* 667 F.2d 613, 622 (7th Cir. 1981). The Board's ruling was not erroneous.

In the instant case, the Union and Awrey Bakeries did not present sufficient evidence to show that employees, other than Top Committee members, knew they were free to conduct union activity during breaks, lunches, and other nonworking hours. The Union and Awrey Bakeries failed to make the required evidentiary showing to overcome the presumption that the CBA is invalid. Therefore, we find "substantial evidence" supports the Board's decision and we see no reason to disturb the judgment below on this issue.

## V. CONCLUSION

For the forgoing reasons, this Court affirms the decision of the National Labor Relations Board in consolidated cases, 01–2225, 01–2258, 012451, and 01–2452. We grant the General Counsel's motion for enforcement of the Board's order.