JORDAN, Circuit Judge,
concurring in part and concurring in the judgment:
We have routinely held that a single passing reference to an issue in a footnote, without squarely arguing it, is insufficient to preserve that issue for our review on appeal. See, e.g., Prometheus Radio Project v. FCC, 824 F.3d 33, 53 (3d Cir.2016); John Wyeth & Bro. Ltd. v. CIGNA Int’l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (Alito, J.). Our sister circuits also decline to consider issues raised in such perfunctory fashion.[1] There is good reason for this unanimous position. Brief, casual references to arguments do not put the opposing party on adequate notice of the issue, nor do they develop it sufficiently to aid our review. That is particularly true “where important and complex issues of law are presented, [so] a far more detailed exposition of [an] argument is required to preserve an issue” in that context. Frank v. Colt Indus., Inc., 910 F.2d 90, 100 (3d Cir. 1990). Despite this well-recognized rule, my colleagues in the Majority conclude that a one-sentence statement incorporating a two-sentence footnote — which itself only incorporates the views briefly expressed in a dissenting opinion — is adequate to preserve FedEx’s arguments before the NLRB. Were such a tenuous “argument” made before this Court, we would never consider it. See United States v. Joseph, 730 F.3d 336, 341 (3d Cir. 2013) (“[R]aising an issue in the District Court is insufficient to preserve for appeal all arguments bearing on that issue” (emphasis added).). No reason has been suggested why the rule for raising arguments before the NLRB should be more relaxed than the rule that applies in this and every other court of appeals, and, as explained later, there is good reason to believe that the rule for arguments to the NLRB should be even more rigorous. I therefore respectfully disagree with Part II of the Majority opinion, and would conclude that FedEx’s arguments challenging the standard set forth in Specialty Healthcare & Rehabilitation Center, 357 NLRB 934 (2011), see infra note 5, were inadequately *448 raised to the Board, leaving us without jurisdiction to consider them, pursuant to 29 U.S.C. § 160(e).[2]
As the Majority correctly recognizes, when we consider petitions from NLRB decisions, our jurisdiction is limited by statute only to a review of issues raised before the Board. “No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.”[3] 29 U.S.C. § 160(e);[4] see Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 666, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982) (“[T]he Court of Appeals lacks jurisdiction to review objections that were not urged before the Board.... ”). “The Supreme Court has construed this rule strictly,” NLRB v. Konig, 79 F.3d 354, 359 (3d Cir. 1996), and we have likewise “shown unusual unanimity in labor cases in strictly adhering to the requirement,” NLRB v. Wolff & Munier, Inc., 747 F.2d 156, 166 (3d Cir. 1984) (Sloviter, J., dissenting). “[T]o effectively preserve an issue, the respondent’s exception must apprise the Board of the issue that the responding party intends to press on review sufficiently enough that the Board may consider the exception on the merits.” Cast North America (Trucking) Ltd. v. NLRB, 207 F.3d 994, 1000 (7th Cir. 2000) (internal quotation marks omitted). The Board’s rules similarly require parties to “set forth specifically the questions of procedure, fact, law, or policy to which exception is taken,” “concisely state the grounds for the exception,” and “specifically urge[]” any exception, or risk having the argument “be deemed to have been waived.” 29 C.F.R. § 102.46(b).
Because the preservation requirement of § 160(e) goes to our jurisdiction, its application is “mandatory, not discretionary.” Oldwick Materials, Inc. v. NLRB, 732 F.2d 339, 341 (3d Cir. 1984). “Th[at] rule serves a sound purpose ... [and] we are *449 bound by it.” Detroit Edison Co. v. NLRB, 440 U.S. 301, 311 n.10, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979). The jurisdictional bar is “designed to allow the NLRB the first opportunity to consider objections and to ensure that reviewing courts receive the full benefit of the NLRB’s expertise.” Cast North America, 207 F.3d at 1000.
Here, FedEx provided two submissions to the Board. First, the company sought review of the regional director’s decision in the underlying representation proceeding. In that submission, it generally argued that the regional director had misapplied the Specialty Healthcare standard — laying out an extensive factual argument about the integrated work of doekworkers and drivers — with, in the following footnote, only one brief reference to a possible legal challenge to the overall standard:
The Employer posits that Specialty Healthcare was decided erroneously, largely for the reasons cited in Member Hayes’[s] dissent therein. However, on the assumption that [the] Board will not now revisit its decision there, the Employer alternatively contends that the case at bar was decided incorrectly even under the rule of Specialty Healthcare and its progeny.
(JA at 183 n.4.) In the remaining twenty-three pages of its brief, FedEx made no other objection to the Specialty Healthcare standard, arguing only its proper application. It also stated at the end of its brief that “[t]he Board has made clear that the decision in Specialty Healthcare did not create a new community of interest test.” (JA at 204.) And it said that without comment or quarrel. FedEx’s first submission to the Board is also notable for never actually applying any standard but the one from Specialty Healthcare. The omission of any effort to apply the more “traditional” analysis is telling[5]- — -if FedEx really was arguing that the Board should apply the traditional .analysis, it should have done so itself.
Thereafter, FedEx filed its second submission to the Board in response to a notice to show cause in the subsequent unfair labor practice proceeding. With no specificity, it incorporated its previous submission by reference, saying simply, “[t]he Employer continues to rely upon the reasons and legal arguments set forth in the Employer’s Request For Review as the basis for its refusal to recognize the Union.” (JA at 217.) In the balance of its argument, FedEx again challenged only the proper application of the Specialty Healthcare standard.
Now, however, FedEx has made the strategic decision to change its argument into a direct challenge of that standard. If *450 it had persevered in challenging only the proper application of Specialty Healthcare, principles of deference that bind us would have placed it in a difficult position. FedEx would have had “to show that the Board abused its discretion in determining the appropriateness of the bargaining unit in question.” Presbyterian Univ. Hosp. v. NLRB, 88 F.3d 1300, 1303 (3d Cir. 1996) (internal quotation marks omitted). That would have been an “uphill battle.” Id. Likely recognizing as much, the company chose a different fight. So, in its opening brief before us, FedEx made no argument whatsoever about the proper application of the Specialty Healthcare standard. None. Instead, it dedicated the entire twenty-five pages of argument to a legal challenge to the existence of the Specialty Healthcare standard, laying out the arguments that the Majority addresses in Part III of its opinion.
Perhaps it is not coincidental that we “exercise plenary review over questions of law and the Board’s application of legal precepts.” NLRB v. Attleboro Assocs., Ltd., 176 F.3d 154, 160 (3d Cir. 1999). We have previously held that a party cannot turn factual arguments raised before the Board into legal arguments before our Court, which is exactly what FedEx has done here. See NLRB v. FES, a Div. of Thermo Power, 301 F.3d 83, 89 (3d Cir. 2002) (holding that because “[t]he tenor of [the employer’s] challenge before the Board raised a purely factual question,” a related legal challenge was jurisdictionally barred). But, curiously, the Majority is satisfied with that shape shifting. By my colleagues’ reckoning, FedEx legitimately changed its argument from one that would have required strict deference to the Board into one that permitted plenary review of the Board’s legal conclusions. Although FedEx has lost its challenge to the applicable standard — and, as I note at the end of this discussion, see infra note 12, I too question the legitimacy of the standard — we should not be entertaining the challenge at all.
FedEx says that its footnote was sufficient to preserve for our review its attack on Specialty Healthcare because
the General Counsel has suffered no prejudice from FedEx Freight’s purported failure to raise the Specialty Healthcare issue during the unfair labor practice proceeding, unless.of course the General Counsel is contending that the Board might have overturned Specialty Healthcare had FedEx Freight decided to pursue its argument more vigorously. That, however, was simply not going to happen.
(Reply Br. at 5-6.) Its attorney echoed that point at oral argument: “It would have been fruitless for us to argue this below. The Board was going to do what it was going to do.” Oral Argument at 05:30, available at http://www2.ca3.uscourts.gov/ oralargument/audio/15-2585NLRBv. FEDEXFreightINC.mp3 (argued March 1, 2016). The Majority agrees, saying that “it is not surprising that FedEx did not pursue its challenge to Specialty Healthcare more vigorously in its request for review before the Board” because the Board had already “refused to reconsider its holding in Specialty Healthcare.” (Majority Op. at 438.) But there is an obvious difference between a strategic lack of vigor and the outright omission of an argument. FedEx is, of course, free to make strategic decisions about which arguments to emphasize and which to discuss only briefly, but it must at least make an argument to the Board for us to have jurisdiction to review it. Cf. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 125, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (holding that a “futile” argument to overrule a circuit precedent was preserved for further consideration when the argument was limited *451 only “to a few pages of [an] appellate brief’ (emphasis added)). That FedEx likely would not have prevailed before the Board in challenging Specialty Healthcare is irrelevant. The jurisdictional bar of § 160(e) does not vary based upon the likelihood of success of the waived argument. Indeed, the Supreme Court has already rejected the idea that a party can avoid waiver if it had “no practical reason” to raise a particular argument before the Board. Detroit Edison, 440 U.S. at 311 n.10, 99 S.Ct. 1123 (“If this ground were accepted as an ‘extraordinary circumstance’ ... little would be left of the statutory exception.”). Section 160(e) is straightforward: If an issue is not adequately raised before the Board, we may not consider it.
The Majority says that “FedEx’s footnote in its petition for review provided sufficient notice” because it gave “as the basis for its challenge the reasons cited in Member [Brian] Hayes’[s] dissent” in Specialty Healthcare. (Majority Op. at 437-38 (alteration in original) (internal quotation marks omitted).) I cannot agree. For starters, FedEx’s footnote is not even phrased as an argument that the Board should overrule Specialty Healthcare; it simply “posits” the company’s disagreement with Specialty Healthcare for “largely” the reasons in Hayes’s dissent. (JA at 183 n.4.) Which reasons? The footnote does not specify, opting instead to merely reference Member Hayes’s dissent and leaving it to the reader to guess which reasons FedEx likes.[6] But my larger concern is that such wholesale incorporation of arguments embodied elsewhere — without any elaboration of those issues directly to the Board— simply cannot be adequate to satisfy § 160(e). Were it otherwise, parties before the Board would be free to repeatedly drop such footnotes and incorporate by reference any argument that could conceivably (if tangentially) be related to the proceeding in question. That would effectively nullify any word or page limits that apply to Board proceedings and needlessly complicate the task of the NLRB and its members. Indeed, there would be no practical limit to the ability of parties to incorporate a variety of arguments, from a variety of sources, entirely by reference in their submissions to the Board. For similar reasons, courts of appeals do not permit parties to incorporate their district court submissions by reference. See, e.g., Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 624 (10th Cir. 1998) (emphasizing that “[a]llowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs,” and collecting cases to that effect).
In my estimation, this case is akin to Marshall Field & Co. v. NLRB, in which the Supreme Court held that an objection to the Board that the agency had erred “in making each and every recommendation” was insufficient to grant jurisdiction for judicial review of a more particularized challenge. 318 U.S. 253, 255, 63 S.Ct. 585, 87 L.Ed. 744 (1943) (per curiam). A “general objection” presented to the Board is insufficient to preserve more specific, subsidiary issues later brought to court, as it *452 “d[oes] not apprise the Board that [the party] intend[s] to press the question now presented, and may well account for the Board’s failure to consider th[e] question in its decision and to make findings with respect to it.” Id. Like the objection in Marshall Field, FedEx’s footnoted aside was far too general to pass this test. FedEx offered no specific basis for its disagreement with Specialty Healthcare. See Pub. Serv. Co. of N.M. v. NLRB, 692 F.3d 1068, 1073 (10th Cir. 2012) (“To determine whether § 160(e)’s ‘objection’ requirement is satisfied, we ask this question: was the matter the petitioner seeks to raise here pressed before the Board with ‘sufficient specificity and clarity’ so the tribunal was aware it needed to be addressed and could become the subject of litigation in this court?” (citation omitted)). In fact, it qualified what little it did say, with the hedge that it “largely” agreed with the Specialty Healthcare dissent. The jurisdictional bar of § 160(e) forecloses our review of any such vague argument-by-reference.[7]
The Majority hangs much of its contrary conclusion on the existence of Member Johnson’s concurrence in FedEx’s representation proceeding. He declined to apply the Specialty Healthcare test for approving a bargaining unit and instead found the unit appropriate under the “traditional” approach. As a consequence, Johnson found “no need to express a view whether the Board correctly decided Specialty Healthcare ... and whether the Regional Director correctly applied it here.” (JA at 4 n.l.) To my colleagues in the Majority, “Johnson’s concurrence ... indicates [that FedEx’s] footnote provided sufficient notice of [its] Specialty Healthcare challenge.” (Majority Op. at 438.)
I disagree. For one, the concurrence in question reflected the position of only a single member and not the entire Board. The Board opinion stated that FedEx’s challenge “raise[d] no substantial issues warranting review.” (JA at 4.) Had the Board perceived that FedEx was mounting a challenge to the applicable standard, that certainly would count as a “substantial issue.” Also, and more importantly, the Supreme Court has held that the jurisdictional bar of § 160(e) “applies even though the Board” has addressed and decided an issue. Woelke & Romero Framing, Inc., 456 U.S. at 666, 102 S.Ct. 2071 (holding that even where the Board raises an issue sua sponte, the aggrieved party must seek reconsideration to the Board before seeking judicial review); see also Int’l Ladies’ Garment Workers’ Union v. Quality Mfg. Co., 420 U.S. 276, 281 n. 3, 95 S.Ct. 972, 43 L.Ed.2d 189 (1975) (imposing the same requirement); Alwin Mfg. Co. v. NLRB, 192 F.3d 133, 143 (D.C. Cir. 1999) (“The Supreme Court has indicated that section [160(e) ][8] bars review of any issue not pre *453 sented to the Board, even where the Board has discussed and decided the issue”). “[T]he statute requires objection to the Board, and not discussion by the Board, before an issue may be presented in court.” Local 900, Int’l Union of Elec., Radio & Mach. Workers v. NLRB, 727 F.2d 1184, 1191 (D.C. Cir. 1984).[9] In the past, “[cjases interpreting section [160(e) ] look[ed] to whether a party’s exceptions are sufficiently specific to apprise the Board that an issue might be pursued on appeal.” Consol. Freightways v. NLRB, 669 F.2d 790, 793 (D.C. Cir. 1981). Accordingly, we should look only to the adequacy of the objection brought to the Board, not the content of the Board’s opinion (or, as here, a one-member concurrence), to decide whether we have jurisdiction under § 160(e). “[T]he fact that the Board has or has not discussed an issue raises no necessary inferences with respect to section [160(e)].” Local 900, 727 F.2d at 1192.[10]
The Majority also points out “the Board’s acute awareness of recent and active challenges to Specialty Healthcare” in other cases, making it “impossible” that it was not on notice of FedEx’s challenge to the standard. (Majority Op. at 438.) Perhaps the Majority is suggesting that FedEx did not even need to include its footnote to preserve the issue for our review— that it was enough that there was an ongoing debate in the ether. But that very loose approach is not what § 160(e) allows. The statute requires that an argument be adequately presented to the Board, and that principle does not vary depending upon what issue is involved, even if the issue is otherwise well known. “Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred *454 but has erred against objection made at the time appropriate under its practice.” United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). Section 160(e) places an obligation solely on the parties, and they must meet that obligation before we can exercise jurisdiction over their claims, regardless of any ongoing debates within the Board. The statute means what it says, and we are not free to relax its jurisdictional requirement just because the particular unpreserved issue happens to be especially timely or of interest to particular Board members. Section 160(e) applies uniformly to all issues and to all parties.
Real damage is done by permitting the kind of sandbagging that FedEx has gotten away with here. Despite the strictures of § 160(e), the Board will now have to be concerned about addressing barely mentioned legal issues. And, by our blessing as legitimate argument FedEx’s “I incorporate what I incorporated when I said I largely agreed with a dissent” statement, we only encourage such improper practice in future cases. This is particularly troubling because it may be said to broaden the scope of our own appellate review. After all, why should the requirements for issue preservation be any different for practice before the Board than before us?[11] I cannot think of a good reason. But, if there were, an argument could be made that the rules should be stricter before the Board. Section 160(e) imposes a nonwaiva-ble statutory bar on further review, grounded in jurisdiction rather than discretion, whereas waiver in our Court is a prudential doctrine to which we may choose to make exceptions. Compare Advanced Disposal Servs. East, Inc. v. NLRB, 820 F.3d 592, 598 (3d Cir. 2016), with Wright v. Corning, 679 F.3d 101, 105 (3d Cir. 2012). Rigid adherence to § 160(e) is also important because “[t]his statutory provision affords the Board the opportunity to bring its labor relations expertise to bear on the problem so that we may have the benefit of its opinion when we review' its determinations.” NLRB v. Allied Prods. Corp., 548 F.2d 644, 653 (6th Cir. 1977). Our application of § 160(e) should therefore strongly encourage parties to make full arguments to the Board in the first instance. That, unfortunately, is not the incentive provided by today’s Majority opinion.[12]
*455 For the foregoing reasons, I regard FedEx’s challenge to the Specialty Healthcare standard as waived. I would • thus proceed directly to the application of that standard, as does the Majority in Part IV of its opinion. I concur in that part of the Majority’s opinion, and therefore concur in the judgment.

. "Federal courts of appeals refuse to take cognizance of arguments that are made in passing without proper development.” Johnson v. Williams, - U.S. -, 133 S.Ct. 1088, 1095, 185 L.Ed.2d 105 (2013); see also Therrien v. Target Corp., 617 F.3d 1242, 1253 (10th Cir. 2010); Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1283 (11th Cir. 2009); Minneapolis Taxi Owners Coal., Inc. v. City of Minneapolis, 572 F.3d 502, 506 n.2 (8th Cir. 2009); United States v. Strong, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007); City of Syracuse v. Onondaga Cty., 464 F.3d 297, 308 (2d Cir. 2006); Smithkline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006); United States v. Dairy Farmers of Am., Inc., 426 F.3d 850, 856 (6th Cir. 2005); IGEN Int’l, Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 309 n.3 (4th Cir. 2003); Sugar Cane Growers Coop. of Fla. v. Veneman, 289 F.3d 89, 93 n.3 (D.C. Cir. 2002); Beazley v. Johnson, 242 F.3d 248, 270 (5th Cir. 2001); Nat'l Foreign Trade Council v. Natsios, 181 F.3d 38, 60 n.17 (1st Cir. 1999); Bakalis v. Golembeski, 35 F.3d 318, 326 n.8 (7th Cir. 1994).

. Because I regard FedEx's challenge to the Specialty Healthcare standard as waived, I would only review whether the Board properly applied that standard. As to that question, I join Part IV of the Majority’s opinion — I agree that the Regional Director's application of Specialty Healthcare in this case (which was adopted by the Board) was a proper exercise of its discretion. I therefore also concur in the judgment denying the petition for review and granting the petition for enforcement.

. FedEx has not alleged that any "extraordinary circumstances” are present in this case to excuse its failure to make its arguments before the Board. And even if it had,
[a] review of the cases shows that the "extraordinary circumstances” provision of Section 10(e) (29 U.S.C. § 160(e)) (excusing the losing party's failure to make objections to the Board) has been applied only in rare cases, as when a snow storm closes the Board’s offices, or when a telephone and taxi strike prevent delivery of the objections, or when an unusually early mail pickup delays delivery.
NLRB v. STR, Inc., 549 F.2d 641, 642 (9th Cir. 1977) (per curiam) (citations omitted); see also 1621 Route 22 West Operating Co., LLC v. NLRB, Nos. 15-2466, 2016 WL 3146014, at *7 (3d Cir. June 6, 2016) (noting that a misapplication of the National Labor Relations Act by the Board does not constitute an "extraordinary circumstance”); Advanced Disposal Servs. East, Inc. v. NLRB, 820 F.3d 592, 600 (3d Cir. 2016) (holding that “a challenge which goes to the composition of the NLRB, and thus implicates its authority to act, constitutes an 'extraordinary circumstance' under § 160(e)”).

.Although our jurisdiction in this case arises under both 29 U.S.C. §§ 160(e) and (f), as the parties petitioned for both review and enforcement of the underlying order, the requirement that an issue be presented to the Board for us to have jurisdiction "applies to both enforcement and review proceedings.” Oldwick Materials, Inc. v. NLRB, 732 F.2d 339, 341 (3d Cir. 1984).

. As explained in the Majority opinion, Specialty Healthcare set out the "overwhelming community of interests” test, in which an employer seeking to expand a petitioned-for unit composed of a readily identifiable group that shares a community of interest must demonstrate that the employees it seeks to add “share an overwhelming community of interest with those in the petitioned-for unit.” Specialty Healthcare, 357 NLRB 934, 946 (2011) (emphasis added). In dissent, Member Hayes noted that, "in a correct application of the traditional community of interest test, the Board never addresses, solely and in isolation, the question whether the employees in the unit sought have interests in common with one another.” Id. at 951 (internal quotation marks omitted). In other words, the Specialty Healthcare test starts by looking exclusively at the commonalities of the petitioned-for unit, whereas the "traditional” analysis contrasts the employees in that unit with other employees to determine "whether the interests of the group sought are sufficiently distinct from those of other employees to warrant the establishment of a separate unit.” Id. (internal quotation marks omitted). In Member Hayes’s view, "[t]he 'overwhelming community of interest’ test [the Board majority] endorse[d] cannot be reconciled with the traditional appropriate unit test.” Id.

. Notably, the Majority does not examine the dissenting opinion from Specialty Healthcare that FedEx purported to incorporate by reference in its first submission to the NLRB, which is odd since that is the only place any legal arguments against the Specialty Healthcare standard were raised at all. And, when parsed in detail, Member Hayes’s dissent actually makes few references to the three legal arguments that FedEx now advances before us. Hayes, however, certainly did criticize the Board majority’s adoption of the “overwhelming community of interest test,” saying that it had "fundamentally change[d] the standard for determining whether a petitioned-for unit is appropriate in any industry subject to the Board's jurisdiction.” Specialty Healthcare, 357 NLRB at 948.

. I do agree with the Majority’s conclusion that FedEx’s second submission was sufficient to incorporate the arguments of its first. Because the NLRB has a fairly strict "no reliti-gation” rule (see Majority Op. at 437), parties to a follow-on unfair labor practice proceeding in these circumstances may incorporate by reference their earlier submission to the Board in the representation proceeding. The issue in this case, however, is not the adequacy of FedEx’s incorporation by reference in its second submission. The problem, rather, is that the first submission’s footnote was inadequate to bring FedEx’s arguments against the Specialty Healthcare standard before the Board. I would not view the issue as waived if FedEx had made a fully-developed argument in the representation proceeding and then incorporated that argument by reference in the unfair labor practice proceeding. But that is not what happened here.

. In many cases, courts have referred to § 160(e) as "§ 10(e)," which is its section number in the National Labor Relations Act. I have changed any such section numbers in quotations throughout this concurrence to "§ 160(e)” for the sake of consistency, but the two sections are one and the same.

. In an analogous context, the D.C. Circuit recently declined to address an argument that a party had not made before the NLRB. See HealthBridge Mgmt., LLC v. NLRB, 798 F.3d 1059, 1069 (D.C. Cir. 2015). The court acknowledged that a “dissenting member [had] explicitly” addressed the argument that the party was advancing, but concluded that "even if this gave the [Board] majority notice the [rule] itself was at issue, it [was] insufficient to invoke our jurisdiction.” Id. The D.C. Circuit rightly recognized that the jurisdictional bar turns on whether an issue is adequately presented to the Board by the parties, not on whether the Board (or any of its members) has discussed the issue in an opinion. The aggrieved party had simply “failed to put this issue before the Board,” so the court "lack[ed] jurisdiction over th[at] aspect of its petition." Id.

. Were that not enough, the circumstances of this case make Johnson's concurrence particularly insignificant to any assessment of the adequacy of FedEx’s submissions to the Board. It appears that, around the time of the Board’s decision in this case, certain members of the Board (particularly then-Members Hayes and Johnson) applied the more traditional analysis in every case involving the Specialty Healthcare standard. See, e.g., Odwalla, Inc., 357 NLRB 1608, 1611 (2011) (Hayes concurring under traditional analysis). In other words, Johnson wrote this same concurrence regularly. So the Majority cannot say that FedEx’s two-sentence footnote was what put this issue on Johnson’s radar, as his concurrence was a pro forma opinion that he used in each case that applied Specialty Healthcare, even, as here, when he agreed with the ultimate outcome. In all, it appears he wrote at least twenty-five such footnoted concurrences in the period from when Specialty Healthcare was decided until August 20, 2015, when he ultimately dissented and expressed his disagreement with that standard. See DPI Secuprint, Inc., 362 NLRB No. 172, at *9 (2015). The mere fact that he included a footnoted concurrence in this case — a concurrence that had been replicated (often almost verbatim) in every other case that called for application of Specialty Healthcare — does not suggest that it was FedEx’s buried footnote that brought the issue to anyone’s attention on the Board. Quite the contrary: Member Johnson would have included that concurrence regardless.

. The Fourth Circuit, for example, applies a similar rule for preservation of arguments before the Board as it applies for preservation of arguments before it — "the objection process would have no worth” if "a passing reference [were] sufficient to preserve an objection.” Elizabethtown Gas Co. v. NLRB, 212 F.3d 257, 265 (4th Cir. 2000). A claim of error to that court must be “grounded in an appropriately specific objection” that was also raised before the Board. Id. In our Circuit, however, it will apparently be the NLRB's job to ferret out, and fully consider, any possible argument that might be buried in a corner of a brief. And if that rule applies to the Board, one might assume that it would also apply to us. If so, parties are now free to drop footnotes that incorporate by reference arguments found somewhere else entirely — perhaps in court opinions, law review articles, or law blogs — and we should be willing to consider them. That has never been our job before, but it may be now.

. Were FedEx's challenge to Specialty Healthcare properly before us, I would agree with the Majority’s understated observation "that some statements in Specialty Healthcare might indicate significant changes in Board policy.” (Majority Op. at 442.) In light of those changes, I have serious misgivings about the Board's choice to adopt that standard in an adjudicative proceeding rather than by rulemaking. I am also concerned that the changed standard seems to put a thumb on the scale in favor of the union's choice of unit, thus perhaps running afoul of NLRA § 9(c)(5), codified at 29 U.S.C. § 159(c)(5), and encouraging the fragmentation of bargaining units. But, interesting as those issues *455 are, they do not give us license to issue an advisory opinion about arguments outside of our jurisdiction. As FedEx did before the Board, I will content myself by noting that my concerns are largely those expressed in Member Hayes’s dissent.